Dr. Harish PATEL, Appellant,

v.

EAGLE PASS PEDIATRIC HEALTH CLINIC, INC., d/b/a Eagle Pass Women's Clinic, Inc., Nelson Gil, Dr. Antonia Gil, and Carol Perez Cadena, Appellees.

No. 13–97–494–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 21, 1999.

Tyler Scheuerman, Clemens & Spencer, San Antonio, Robert L. Rodriguez, Rodriguez & Muniz–Berain, P.C., Eagle Pass, for Appellant.

August Linnartz, Matthews & Branscomb, P.C., Eagle Pass, Crawford Adams Rhodes, Eagle Pass, Kathryn F. Green, Kleberg Law Firm, Corpus Christi, for Appellees.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## OPINION

Chief Justice, SEERDEN.

Dr. Harish Patel appeals from the trial court's entry of judgment after he announced the settlement of his claims against Eagle Pass Pediatric Clinic, Inc., Nelson Gil, Dr. Antonia Gil, and Carol Perez Cadena (collectively "Eagle Pass Pediatric"). Patel raises two points of error complaining that he revoked consent to the settlement and that the trial court's judgment did not conform to the settlement agreement. We reverse and remand.

Patel alleged in his petition that he worked as a physician for Eagle Pass Pediatric for almost a year before resigning. Shortly thereafter, Patel contracted to purchase from Eagle Pass Pediatric the business and premises known as the Eagle Pass Women's Clinic. When Eagle Pass Pediatric refused to convey the Women's Clinic to Patel, he sued for specific performance of the purchase agreement.

However, when the case was called for trial in January 1997, Patel's attorney announced to the court that the parties had reached a settlement and stated into the record the terms of that agreement. In return for dismissal with prejudice of Patel's lawsuit, Patel would be allowed to continue his medical practice as an independent contractor at the Women's Clinic until the end of September 1997, and he would be entitled to retain 50% of the revenue collected from his practice. All parties agreed to the settlement and the trial court approved it and ordered Eagle Pass Pediatric to draft an order to that effect.

Eagle Pass Pediatric then filed a Motion for Entry of Judgment with an attached proposed judgment based on the parties' settlement agreement. Patel refused to sign the proposed judgment and filed his own Objection to Motion for Entry of Judgment, complaining that the judgment did not reflect the parties' agreement. In particular, Patel argued that he never agreed to dismiss causes of action that were not pleaded or to comply with other provisions of the proposed judgment requiring him to devote 40 hours a week to the Clinic, to allow the Clinic to determine the manner of his medical practice, to comply with the Clinic's Clinical Management System, or that the medical records he generated would be the property of the Clinic. Patel also pleaded, in the alternative, that he revoked his consent to the settlement agreement.

Nevertheless, the trial court signed a final judgment approving the settlement, dismissing with ·prejudice all of Patel's claims against Eagle Pass Pediatric, and requiring Patel to comply with the terms of the settlement as drafted by Eagle Pass Pediatric.

Patel complains by his first point of error that the trial court erred in rendering an agreed judgment after he revoked his consent to the settlement agreement.

 For a valid consent judgment to exist, the parties must explicitly and unmistakably give consent at the time the trial court renders judgment on that agreement. *Kennedy v. Hyde,* 682 S.W.2d 525, 528 (Tex. 1984); *Sohocki v. Sohocki,* 897 S.W.2d 422, 424 (Tex.App.—Corpus Christi 1995, no writ); *McCaskill v. McCaskill,* 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied). A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement. *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857–58 (Tex.1995); *Samples Exterminators v. Samples,* 640 S.W.2d 873, 874 (Tex.1982). To that effect, a pleading filed prior to rendition of judgment which alleges a party's revocation of consent or a motion opposing the entry of judgment on said grounds is sufficient to effectively withdraw consent to the agreed judgment. *Sohocki,* 897 S.W.2d at 424.

 In the present case, Patel clearly revoked his consent to the settlement agreement, as represented by the proposed judgment, before the trial court signed that judgment. Eagle Pass Clinic argues, however, that Patel's revocation came too late, as the trial court had already rendered judgment at the time the settlement agreement was dictated into the record and approved by the trial court.

Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Restaurant*, 892 S.W.2d at 857–58; *Samples*, 640 S.W.2d at 875. The rendition of judgment is a present act that decides the issues upon which the ruling is made, and the words used by the trial court must clearly indicate its intent to render judgment at that time, rather than in the future. *S & A Restaurant*, 892 S.W.2d at 857–58 (Tex.1995); *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976); *see also Balogh v. Ramos*, 978 S.W.2d 696, 700–01 (Tex. App.—Corpus Christi 1998, pet. filed).

The mere approval of a settlement agreement does not necessarily constitute rendition of judgment. *S & A Restaurant*, 892 S.W.2d at 857–58. In *S & A Restaurant Corp.*, after the settlement agreement was dictated into the record and expressly approved by the trial court, the trial court stated that the case would not be "full, final, and complete" until the signing of the judgment. The Texas Supreme Court concluded that the approval of the settlement under these circumstances did not amount to a present rendition of judgment. *Id.*

In *Samples*, however, the Texas Supreme Court did find a present intent to render judgment coupled with the approval of a settlement agreement. As in *S & A Restaurant*, the parties in *Samples* announced that they had settled the case and dictated the settlement into the record, after which the trial court stated that it "approve[d] the settlement made in open court." However, the trial court further "order[ed] all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record." The Texas Supreme Court held that the trial court rendered judgment by ordering the parties to sign and follow the agreement. *Samples*, 640 S.W.2d at 874–75.

In the present case, after all parties indicated their agreement to the settlement as dictated into the record, the trial court stated "Settlement is approved and ordered. Mr. Rhodes [counsel for Eagle Pass Pediatric], you draft the order, circulate it, and let's have it within five working days." Unlike *S & A Restaurant*, the trial court did not express any contemporaneous doubt as to the finality of his judgment. Rather, as in *Samples*, the trial court indicated its intent to carry out a judgment that had already been rendered, in the present case by ordering one of the attorneys to prepare the necessary order to carry out that judgment. Accordingly, we conclude that judgment was rendered at the time of the hearing, and thus that Patel untimely attempted to revoke his consent to that judgment. We overrule Patel's first point of error.

By his second point of error, Patel complains that the final judgment signed by the trial court varies from the agreement dictated into the record at the settlement hearing.

When a trial court renders judgment on the parties' settlement agreement, the judgment must be in strict or literal compliance with the terms of the agreement. *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex.1976); *Nuno v. Pulido*, 946 S.W.2d 448, 451 (Tex.App.—Corpus Christi 1997, no writ). Where the judgment does not conform to the settlement agreement, the judgment will be rendered unenforceable. *Nuno*, 946 S.W.2d at 451.

In addition, while a clerical error made by the trial court in reducing the settlement agreement to a written judgment may be corrected by modification of that judgment in the appellate court, a judgment based on judicial error must be reversed and remanded to the trial court for entry of an agreed judgment that conforms to the terms of the parties' agreement. *Donzis v. McLaughlin*, 981 S.W.2d 58, 63 (Tex.App.—San Antonio, 1998, n.w.h.); *McLendon v. McLendon*, 847 S.W.2d 601, 610 (Tex.App.—Dallas 1992, writ denied).

In the present case, the written judgment signed by the trial court contains terms concerning a 40–hour work week, manner of practice, and ownership of medical records that were never dictated into the record at the settlement hearing. Accordingly, the judgment is not in strict or literal compliance with the terms of the agreement. Moreover,

these additional terms are more than merely clerical error and cannot be corrected by this Court's modification and rendition of an appropriate judgment. We sustain Patel's second point of error.

We REVERSE the trial court's judgment and REMAND this case for further proceedings consistent with this opinion.