NUMBER
13-01-00628-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

 

BRYAN D. BACHUS,                                                           Appellant,

 

                                                   v.

 

SHARLA D. BACHUS,                                                 Appellee.

 

 

      On appeal from the 24th District Court of Victoria County,
Texas.

 

 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                                 Opinion by
Justice Hinojosa

 

This is an appeal from a divorce decree
entered by the trial court pursuant to a settlement agreement.  By eight issues, appellant, Bryan D. Bachus,
contests the validity of the divorce decree and complains of the denial of his
motion for new trial.  We affirm in part
and reverse and remand in part.








                                                A.  Background

Appellee, Sharla D. Bachus, and appellant
were married on March 10, 1990.  Two
children were born of the marriage.  On
February 7, 2000, appellee filed for divorce, claiming insupportability.

Prior to trial, the parties reached a mutual
settlement agreement.  The agreement
deviated from both the standard support and visitation guidelines provided in
the family code.[1]  Appellant agreed to pay more child support
than the amount set out in the standard child support guidelines, and appellee
agreed to give appellant more possession of the children than set out in the
standard visitation guidelines.  The
settlement agreement also contained provisions for life insurance, tax
deductions, division of property, debts, and living arrangements.

On October 18, 2000, the parties presented
the settlement agreement to the trial court for final approval.  At the conclusion of the hearing, the trial
court granted the divorce and approved the settlement agreement on the
record.  On May 4, 2001, prior to the
trial court=s signing the decree of divorce, appellant
filed a AMotion to Revoke Rule 11 Agreement/Motion
for New Trial,@ and a notice of appearance of co-counsel,
William Patterson.[2]  The trial court signed the decree of divorce
on May 8, 2001.

                                   B.  Newly
Discovered Evidence








In his first issue, appellant complains the
trial court erred by denying his Motion for New Trial, based on newly
discovered evidence.  Specifically,
appellant asserts that appellee=s former boyfriend, John C. Dobbins,
possessed significant and material information concerning appellee=s continued drug and alcohol abuse and her
inability to properly care for the children and the content of this testimony
was unknown to him until after the settlement agreement had been reached.  He argues this evidence should be considered Anewly discovered evidence.@

A party seeking a new trial on the ground of
newly discovered evidence must satisfy the court that: (1) the evidence came to
his knowledge since the trial, (2) it was not because of lack of due diligence
that it did not come sooner, (3) the new evidence is not cumulative, and (4)
the new evidence is so material that it would probably produce a different
result if a new trial was granted.  Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); Lopez v. Lopez, 55
S.W.3d 194, 202 (Tex. App.BCorpus Christi 2001, no pet.).  The trial court has wide discretion in ruling
on a motion for new trial, and its action will not be disturbed on appeal
absent a showing of an abuse of discretion. 
In re Bayerische Motoren Werke, 8 S.W.3d 326, 327 (Tex. 2000); Lopez,
55 S.W.3d at 202.

At the hearing on the motion for new trial,
appellant called John C. Dobbins, appellee=s former boyfriend, who testified that
appellee continued to abuse alcohol and drugs on a daily basis, including while
she had custody of the children. 
Appellant testified that he did not know the content of Dobbins=s testimony, until approximately six months
after he had agreed to the settlement agreement, when Dobbins=s sister telephoned him and told him what
appellee and Dobbins had been doing. 
Appellant contends that since he did not know the content of Dobbins=s testimony until after the settlement
agreement had been reached, this constitutes Anewly
discovered evidence.@  We
disagree.








The record establishes that appellant knew
of appellee=s past drug problem and the possibility of
continued use.  Appellant testified that
he and appellee had used drugs in the past. 
Further, the parties= contemplation of such a drug problem is evidenced
by the very terms of their settlement agreement.  The agreement provides that each party will
submit to random drug tests at the request of the other party.  Thus, any evidence of appellee=s drug use was not Anewly discovered@ evidence. 
See Nautical Landings Marina, Inc. v. First Nat=l Bank, 791 S.W.2d 293, 300 (Tex. App.BCorpus Christi 1990, writ denied) (Aa party seeking a new trial because of newly
discovered evidence must establish that he had no notice of the existence of
the evidence prior to trial@).  We
hold that appellant has failed to satisfy his burden under the Jackson
test.  Appellant=s first issue is overruled.

                         C.  Withdrawal
of Settlement Agreement

In his second issue, appellant contends the
trial court erred by signing the decree of divorce after appellant withdrew his
consent to the settlement agreement.

In order for a valid consent judgment to
exist, the parties must explicitly and unmistakably give consent at the time
the trial court renders judgment on that agreement.  Kennedy v. Hyde, 682 S.W.2d 525, 528
(Tex. 1984); Patel v. Eagle Pass Pediatric Health Clinic, 985 S.W.2d
249, 251 (Tex. App.BCorpus Christi 1999, no pet.).  A party may revoke his consent to a
settlement agreement at any time before judgment is rendered on the
agreement.  S & A Rest. Corp. v.
Leal, 892 S.W.2d 855, 857-58 (Tex. 1995). 
To that effect, a pleading filed prior to rendition of judgment which
alleges a party=s revocation of consent or a motion opposing
the entry of judgment on said grounds is sufficient to effectively withdraw
consent to the agreed judgment.  Sohocki
v. Sohocki, 897 S.W.2d 422, 424 (Tex. App.BCorpus
Christi 1995, no writ).








In the instant case, the parties presented
their settlement agreement to the trial court on October 18, 2000.  After hearing both parties testify that they
agreed with the settlement agreement, the trial court approved the agreement on
the record and ordered it to be effective that day.  The trial court also granted the divorce on
the record and said it would Asign a decree that confirms and conforms
with today=s agreement and today=s order when it is presented to me.@  The
trial court was informed that appellee=s attorney would prepare the decree.  On May 4, 2001, appellant attempted to revoke
his consent by filing his AMotion to Revoke Rule 11 Agreement/Motion
for New Trial.@  Four
days later, the trial court signed the decree of divorce.

Judgment is rendered when the trial court
officially announces its decision in open court or by written memorandum filed
with the clerk.  S & A Rest.,
892 S.W.2d at 857-58.  The rendition of
judgment is a present act that decides the issues upon which the ruling is
made, and the words used by the trial court must clearly indicate its intent to
render judgment at that time, rather than in the future.  Id.; Patel, 985 S.W.2d at
252.  Once the trial court renders
judgment based on the parties= settlement agreement, the parties cannot
revoke their consent to the agreement.  Samples
Exterminators v. Samples, 640 S.W.2d 873, 874-75 (Tex. 1982); Patel,
985 S.W.2d at 252.  However, the mere
approval of a settlement agreement does not necessarily constitute rendition of
judgment.  S & A Rest., 892
S.W.2d at 857-58; Patel, 985 S.W.2d at 252.

Here, after both parties testified that they
agreed with the settlement agreement, the trial court stated:








The agreement of the parties is approved and ordered entered of record
today.  The divorce is granted
today.  I will sign a decree that
confirms and conforms with today=s agreement and today=s order when it is presented to me.

 

We conclude the trial court
clearly indicated his present intention to render judgment at that time,
leaving no doubts as to the finality of his judgment.  Thus, the trial court=s signing of the decree of divorce was
merely a ministerial act.  See
Alcantar v. Okla. Nat=l Bank, 47 S.W.3d 815, 821 (Tex. App.BFort Worth 2001, no pet.).  We hold the trial court rendered judgment on
October 18, 2000, and the parties could not thereafter revoke their consent to
the agreement.  See Samples, 640
S.W.2d at 874-75; Patel, 985 S.W.2d at 252.  Appellant=s
second issue is overruled.

                           D.  Authority
of Co-Counsel

In his fifth
issue, appellant contends the trial court erred in signing the decree of
divorce because his attorney, Elliott Costas, did not have authority to present
the decree of divorce to the trial court.

After appellant
reached a settlement agreement with appellee, and the agreement was presented
to and approved by the trial court, appellant hired William Patterson as
additional counsel.  On May 4, 2001,
appellant filed a notice and informed the trial court that Patterson would be
co-counsel in the case.  On May 7, 2001,
both Costas and Patterson appeared in court on behalf of appellant to present
his AMotion to Revoke Rule 11 Agreement/Motion
for New Trial.@  The
following day, the trial court signed the decree of divorce.








As a prerequisite to presenting a complaint
for appellate review, the record must show the complaint was made to the trial
court by a timely request, objection, or motion stating the grounds for the
ruling that the complaining party sought from the trial court.  Tex.
R. App. P. 33.1(a)(1)(A).

Here, appellant failed to object to the
actions of his co-counsel, Elliott Costas. 
On July 9, 2001, appellant filed a supplemental motion to revoke rule 11
agreement and supplemental motion for new trial, but he did not object to any
action taken by Costas on his behalf. 
Accordingly, we hold he has failed to preserve this complaint for our
review.  See Tex. R. App. P. 33.1(a)(1)(A).  Appellant=s
fifth issue is overruled.

            E.  Variance
Between Settlement Agreement and Decree

By his seventh issue, appellant complains
that the decree of divorce does not conform to the agreed upon terms of the
settlement agreement.

When a trial court renders judgment on a
settlement agreement of the parties, the judgment must be in strict or literal
compliance with the terms of the agreement. 
Vickrey v. Am. Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex.
1976); Nuno v. Pulido, 946 S.W.2d 448, 451 (Tex. App.BCorpus Christi 1997, no writ).  Where the judgment does not conform to the
settlement agreement, the judgment will be rendered unenforceable.  Nuno, 946 S.W.2d at 451.  In addition, while a clerical error made by
the trial court in reducing the settlement agreement to a written judgment may
be corrected by modification of that judgment in the appellate court, a
judgment based on judicial error must be reversed and remanded to the trial
court for entry of an agreed judgment that conforms to the terms of the parties= agreement. 
Donzis v. McLaughlin, 981 S.W.2d 58, 63 (Tex. App.BSan Antonio 1998, no pet.); McLendon v.
McLendon, 847 S.W.2d 601, 610 (Tex. App.BDallas
1992, writ denied).








According to the settlement agreement,
appellant was to have possession of the children during the summer months:

beginning the first Sunday after school
releases for the summer and last until (14) fourteen days before school begins
the next school session.

 

Sharla Bachus will have the same visitation
during the summer months Bryan Bachus normally has.

 

1.                
First, second, third, and fifth weekends of the
month.

 

2.                
Tuesday and Wednesday evenings during the week so
the children can attend church.

 

Instead
of the above agreed-upon terms, the decree of divorce orders standard
possession during the summer months.  The
decree requires appellant to give appellee written notice by April 1,
specifying a thirty-day period of possession during the summer months.  Appellant=s
possession of the children during the summer months is significantly less than
what was agreed to by the parties. 
Accordingly, we conclude that this provision in the decree of divorce is
not in strict or literal compliance with the settlement agreement.  See Vickrey, 532 S.W.2d at 292; Nuno,
946 S.W.2d at 451.

Further,
appellant testified that he did not want restrictions on his visitation rights
should he and the children reside more than 100 miles apart.  Appellee does not dispute that this was part
of the agreement.  However, the decree of
divorce incorporates language from the standard possession order that if the
children reside more than 100 miles apart, appellant=s
visitation is restricted to certain weekends. 
We conclude this provision is also not in strict or literal compliance
with the settlement agreement.  See
Vickrey, 532 S.W.2d at 292; Nuno, 946 S.W.2d at 451.








Accordingly,
we hold the trial court=s decree
of divorce is not in strict or literal compliance with the terms of the parties=
settlement agreement.  We sustain
appellant=s seventh issue.

                                F.  Denial
of Motion for New Trial   

By
his third, fourth, sixth, and eighth issues, appellant complains of the trial
court=s denial of his motion for new
trial.  Specifically, appellant contends
the trial court erred in denying his motion for new trial because: (1) he had
withdrawn his consent to the settlement agreement prior to the court=s
signing of the decree of divorce, (2) the evidence established that appellee
actively engaged in conduct designed to deprive appellant access to John C.
Dobbins in order to elicit his testimony concerning appellee=s
continued drug abuse, (3) attorney Costas did not have the authority to present
the decree of divorce to the trial court, and (4) the decree of divorce
contains terms not agreed upon by the parties.

Because
a trial court has wide discretion in denying a motion for new trial, we will
not disturb its ruling absent a clear abuse of discretion.  See Director, State Employees Workers=
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Coastal Banc SSB
v. Helle, 48 S.W.3d 796, 800 (Tex. App.BCorpus
Christi 2001, pet. denied).

In
light of our holdings above, we hold the trial court did not abuse its
discretion in denying appellant=s motion
for new trial.  Appellant=s
third, fourth, sixth, and eighth issues are overruled.

                                                 G.  Conclusion








We
reverse that portion of the trial court=s decree
of divorce which deviates from the parties= agreement
relating to appellant=s
possession of the parties=
children, and remand the case to the trial court with instructions to enter a
possession order consistent with the parties=
settlement agreement and this opinion. 
We affirm the remaining portions of the trial court=s
decree of divorce.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

22nd day of August, 2002.











[1]
See generally Tex. Fam. Code Ann.
'' 153.311 -
153.317, 154.121 - 154.132 (Vernon 1996 & Supp. 2002).





[2]
Prior to May 4, 2001, appellant was represented solely by attorney, Elliott
Costas.  The AAppearance
of Co-Counsel@ added
Patterson as appellant=s counsel.