11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Global
Terminaling Services, Inc. f/k/a Pabtex, Inc.

Appellant

Vs.      
            No. 11-02-00038-CV  -- 
Appeal from Harris County

Don M. Kennedy

Appellee

 

Don M.
Kennedy sued Global Terminaling Services, Inc. f/k/a Pabtex, Inc. to recover
attorney=s fees allegedly owed to him by Global.  Global counterclaimed and sought the
recovery of attorney=s fees
it had already paid to Kennedy in two particular cases.  The parties sought to settle the disputes at
issue in this case and entered into an agreement under TEX.R.CIV.P. 11 whereby
each party was to take nothing from the other. 
The trial court signed the final judgment as proposed, approved, agreed
to, and tendered by the parties; but the trial court sua sponte inserted the
following language at the end of the judgment: 


All relief
not granted is Denied as to all claims by or against all parties, whether named
in this judgment or not.  

Global appeals.  We reverse and remand.  

                                          Conformity
of the Judgment with the Agreement

In its
sole issue on appeal, Global argues that the trial court erred by inserting
provisions into the agreed judgment that were not agreed to by the
parties.  Global filed a motion to
modify, correct, and reform the judgment to delete the insertion made by the
trial court because it had not agreed to that language and because the language
could potentially affect other claims involving the parties.  Also, at the hearing on the motion, Global=s counsel expressed concern about the effect
the inserted language would have on other controversies involving the parties
to this suit.  The trial court denied
Global=s motion, stating that it had inserted the
language merely to ensure that the judgment in this case was a final judgment
as the parties intended.  








A final
judgment that is founded upon a settlement agreement reached by the parties
must be in strict or literal compliance with the terms of the settlement
agreement.  Vickrey v. American Youth
Camps, Inc., 532 S.W.2d 292 (Tex.1976). 
The specific terms of the agreement were that Kennedy recover nothing on
his claim against Global for attorney=s fees for representing Global in a particular case against the Port of
Houston Authority of Harris County and that Global recover nothing on its claim
for recoupment of attorney=s fees paid to Kennedy for representing Global in two specific lawsuits
-- one against the Port of Houston Authority of Harris County and the other
against Applied Industrial Materials Corporation.  We express no opinion as to the effect of the language inserted
by the trial court in an attempt to ensure the finality of the judgment.  However, because the insertion does not
constitute a mere clerical error, we must reverse the judgment and remand the
cause so that the trial court can delete the language that does not strictly
and literally comply with the terms of the parties= settlement agreement and proposed agreed
judgment.  See Patel v. Eagle Pass
Pediatric Health Clinic, Inc., 985 S.W.2d 249, 252-53 (Tex.App. -  Corpus Christi 1999, no pet=n); McLendon v. McLendon, 847 S.W.2d 601
(Tex.App. - Dallas 1992, writ den=d); see also Vickrey v. American Youth Camps, Inc., supra.  

                                                  Kennedy=s Claim of Frivolous Appeal

In his
brief, Kennedy asserts that this appeal is spurious and that Global should be
sanctioned for filing a frivolous appeal. 
See TEX.R.APP.P. 45.  We
disagree.  If an appellant=s argument on appeal has a reasonable basis
in law and constitutes an informed, good‑faith challenge to the trial
court=s judgment, sanctions are not appropriate.  General Electric Credit Corporation v.
Midland Central Appraisal District, 826 S.W.2d 124, 125 (Tex.1991).  We hold that Global=s appeal had a reasonable basis in law and
constituted a good-faith challenge to the judgment of the trial court.  Kennedy=s request for damages under Rule 45 is overruled.  

                                                                This
Court=s Ruling

The
judgment of the trial court is reversed, and the cause is remanded to the trial
court for further proceedings consistent with this opinion.  

 

TERRY McCALL

January
16, 2003                                                                      JUSTICE

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.