ROMAN CATHOLIC DIOCESE
OF DALLAS, Appellant

v.

COUNTY OF DALLAS TAX COLLECTOR, Dallas County Community College District, Parkland Hospital District, Dallas School Equalization Fund, City of Dallas, Dallas Independent School District, Dallas Education District, and Downtown Improvement District No. 1, Appellees.

No. 05–05–01269–CV.

Court of Appeals of Texas,
Dallas.

July 2, 2007.

---

G. Dennis Sullivan, Sullivan & Holston, Dallas, for appellant.

Edward Lopez, Jr., Austin, for appellee.

Before Chief Justice THOMAS and Justices MORRIS and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

The sole issue in this appeal is whether an agreed nunc pro tunc judgment rendered in a previous suit is valid and enforceable. Following a trial on agreed stipulated facts, the trial court ruled the nunc pro tunc judgment was enforceable and, based on that judgment, signed a new judgment awarding the County of Dallas Tax Collector, Dallas County Community College District, Parkland Hospital District, Dallas School Equalization Fund, City of Dallas, Dallas Independent School District, Dallas Education District, and Downtown Improvement District No. 1, (the "Taxing Authorities") $34,000 in ad valorem taxes. The Roman Catholic Diocese of Dallas brings this appeal challenging the trial court's ruling and arguing the agreed nunc pro tunc judgment is void and unenforceable because it attempts to correct a judicial error and changes the substance of the original judgment after the expiration of the trial court's plenary jurisdiction. After reviewing the stipulated facts, we conclude the agreed nunc pro tunc judgment rendered in the previous suit is void. Accordingly, we reverse the

trial court's judgment in this case and render judgment that the Taxing Authorities take nothing by their claim.

This cause arose out of a lengthy and involved series of suits concerning ad valorem property taxes allegedly owed by the Diocese for the years 1987 through 1992. Although the procedural history of these suits is complicated, the agreed factual stipulations presented to the trial court in this case are simple. The agreed stipulations filed by the parties state as follows: [1]

1. In 1989 a lawsuit styled *Bright Laughlin Office Partners and the Roman Catholic Diocese of Dallas v. Dallas Central Appraisal District and Dallas County Appraisal Review Board* was filed in the 95th Judicial District Court of Dallas County.

2. As part of the subject lawsuit, on May 31, 1991, the parties to the action entered into an Agreed Judgment.... The May 31, 1991 Agreed Judgment assessed values on the subject property for tax years 1989–1991.

3. On February 24, 1992, the parties to the action submitted an Agreed Nunc Pro Tunc Judgment.... The February 24, 1992 Nunc Pro Tunc added assessments for tax years 1987 and 1988 (in addition to including tax years 1989, 1990 and 1991).

4. The Agreed Nunc Pro Tunc Judgment was presented to the Court by the parties without any additional evidence nor was a court reporter's record created by the parties.

5. No appeal was taken by either party from either the May 31, 1991 Agreed Judgment . . . or the February 24, 1992 Nunc Pro Tunc Judgment.

The Taxing Authorities brought this suit claiming, among other things, that the Diocese failed to pay ad valorem taxes for the years 1987 and 1988 as ordered by the agreed nunc pro tunc judgment.[2] The Diocese responds that the agreed nunc pro tunc judgment is void because it was signed outside the trial court's plenary jurisdiction. Because the Diocese believes the nunc pro tunc judgment is void, it contends the trial court in this case erred by rendering a new judgment to enforce the terms of the nunc pro tunc judgment and ordering the Diocese to pay the additional two years of ad valorem taxes.

■■■ The standard of review in a case tried on agreed stipulated facts is de novo. *See Alma Group L.L.C. v. Palmer,* 143 S.W.3d 840, 843 (Tex.App.-Corpus Christi 2004, pet. denied). The agreed stipulations are binding, and we do not draw any inferences or find any facts not embraced in the agreement. *See id.* We are less deferential to the trial court than in ordinary reviews. *See id.* at 843–44. We do not review the legal or factual sufficiency of the evidence, but simply review the trial court's order to determine if it correctly applied the law to the agreed stipulated facts. *Id.* at 843.

■■■ The stipulated facts, together with the attached judgments in this case, show that the agreed nunc pro tunc judgment was signed after the expiration of the trial court's plenary jurisdiction over the original agreed judgment. *See* TEX.R. CIV. P. 329b. Because plenary jurisdiction had expired, the trial court could correct only clerical errors in the judgment. *See Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.

---

**1.** The portions of the stipulations concerning the attachment of exhibits have been omitted. Copies of both the May 31, 1991 Agreed Judgment and the February 24, 1992 agreed nunc pro tunc judgment were submitted as exhibits to the agreed stipulations.

**2.** All other issues have been severed from this suit.

1986). A clerical error is a discrepancy between the judgment entered in the record and the judgment that was actually rendered. *See Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986). The trial court had no power, however, to correct any judicial error it may have made in rendering the final judgment. *See Escobar,* 711 S.W.2d at 231. Even if the trial court rendered judgment incorrectly, it could not alter the written judgment if the written judgment precisely reflected the judgment that was rendered. *See LaGoye v. Victoria Wood Condominium Ass'n,* 112 S.W.3d 777, 783 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Whether an error in a judgment is judicial or clerical is a question of law. *See Escobar,* 711 S.W.2d at 232. A nunc pro tunc judgment that attempts to correct a judicial error after jurisdiction has expired is void. *See La-Goye,* 112 S.W.3d at 784.

 The original agreed judgment at issue in this case was submitted to the trial court as an agreed judgment by the parties pursuant to a compromise and settlement. The terms of the settlement were set forth in the agreed judgment and submitted to the trial court for its approval. Because the trial court approved the settlement by signing the agreed judgment, the judge's act of signing the judgment constituted his rendition of the judgment. *Cf. Wood v. Griffin & Brand of McAllen,* 671 S.W.2d 125, 129 (Tex.App.-Corpus Christi 1984, no writ) (where there is no prior rendition of judgment, judge's signing of the original written judgment is rendition of judgment). Any error that may have been made in the drafting of the judgment became part of the judgment the court rendered at the time the judgment was signed. *See Dikeman v. Snell,* 490 S.W.2d 183, 185 (Tex.1973); *LaGoye,* 112 S.W.3d at 784. The judgment rendered by the trial court, therefore, imposed ad valorem tax liability on the Diocese only for the years 1989 through 1991.

 The agreed nunc pro tunc judgment signed approximately nine months after the original judgment purports to change the decretal portion of the original judgment by imposing an additional two years of tax liability on the Diocese. This is a substantive change that creates an obligation to pay where no such obligation previously existed. *See In re Marriage of Ward,* 137 S.W.3d 910, 913 (Tex. App.-Texarkana 2004, no pet.). A substantive change in a judgment results from the correction of a judicial error, not a clerical one. *Id.* Even assuming the trial court erred in omitting two years of tax liability from the original agreed judgment, this error was made in rendering the judgment, not in entering it as part of the record, and could not be corrected after the court's plenary jurisdiction expired. *See Dikeman,* 490 S.W.2d at 186. Because the agreed nunc pro tunc judgment attempts to correct a judicial error, the judgment is void.

 The fact that the nunc pro tunc judgment was agreed to by the parties does not affect the outcome in this case. It is well-settled that subject matter jurisdiction cannot be conferred by agreement. *See Morrow v. Corbin,* 122 Tex. 553, 569, 62 S.W.2d 641, 649 (1933). The Taxing Authorities argue that because the nunc pro tunc judgment was submitted by agreement, it can be enforced as either a contract or a judicial admission. But a party does not waive jurisdictional error by agreeing to a judgment. *See Baw v. Baw,* 949 S.W.2d 764, 766 (Tex.App.-Dallas 1997, no pet.). The Taxing Authorities cite no authority, and we have found none, to support the proposition that an agreed judgment that is void due to lack of jurisdiction can be enforced as either a contract or a judicial admission.

 The Taxing Authorities also contend the trial court in this case did not

have the authority to declare the agreed nunc pro tunc judgment void because the Diocese failed to meet the standards for an equitable bill of review. This case, however, was not brought as a bill of review. The challenge brought by the Diocese is in the nature of a collateral attack. A collateral attack may be used to set aside a judgment that is void or involves fundamental error. *See Texas Dept. of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex.App.-Austin 1997, pet. denied). A party making a collateral attack on a judgment does not need to meet the requirements of a bill of review. *Id.* There is no set procedure for a collateral attack and no statute of limitations. *Id.*

Finally, the Taxing Authorities contend the Diocese is barred from challenging the subject taxes because it failed to follow the proper processes or raise the proper defenses under the Texas Property Tax Code in the original suit. This argument is without merit because the Diocese is not challenging the legal correctness of the substance of the nunc pro tunc judgment. It is challenging the power of the trial court to render the judgment. A party may seek to enjoin the enforcement of a void judgment regardless of whether he has a good defense against the cause of action upon which the judgment was based. *See August Kern Barber Supply Co. v. Freeze*, 96 Tex. 513, 516, 74 S.W. 303, 304 (1903).

Based on the foregoing, we conclude the trial court erred in enforcing the terms of the agreed nunc pro tunc judgment because the judgment was void as a matter of law. We reverse the trial court's judgment in this case and render judgment that the Taxing Authorities take nothing by their claim.