Opinion issued March 26, 2009




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00901-CV




GEORGE HERNANDEZ, Appellant

V.

MARIA GUADALUPE LOPEZ (HERNANDEZ) AND 
THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellees




On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 1991-42738




DISSENTING OPINION ON REHEARING

          I withdraw my dissenting opinion dated August 28, 2008 and substitute this
opinion in its stead. I continue respectfully to dissent. I would hold that the
judgment signed by the trial court on August 22, 2006 was a judgment nunc pro tunc
that corrected a clerical error in the final agreed order enforcing arrearages against 
Appellant George Hernandez rendered by the associate judge on January 21, 2004
and entered by the referring trial court on January 28, 2004. Therefore, I would
affirm the judgment nunc pro tunc in favor of appellees Maria Guadalupe Lopez
(Hernandez) and the Office of the Attorney General of Texas (OAG). 
          George appeals from a nunc pro tunc judgment signed by the trial court on
August 22, 2006. The nunc pro tunc judgment corrected the date on which George
was found to be in arrearage on child support payments to December 31, 2003 from
the date of December 31, 2004 recited in the court’s January 28, 2004 judgment. That
January 28, 2004 judgment entered as the judgment of the referring court an “Agreed
Order Enforcing Child Support Obligation” (“Agreed Order”) that had been rendered
and signed by the associate judge of the court on January 21, 2004, pursuant to former
section 201.007(a)(14)(A) of the Family Code. See Act of May 21, 2003, 78th Leg.,
R.S., ch. 476, § 1, 2003 Tex. Gen. Laws 1742 (current version at Tex. Fam. Code
Ann. § 201.007(a)(14)(A) (Vernon 2008)) (conferring power on associate judges of
family courts to render final agreed orders except as limited by orders of referral). 



          In the January 21, 2004 hearing, the associate judge heard evidence of the
terms of the parties’ Agreed Order and transcribed them in the written “Agreed
Order.” Appellant and appellees Maria and the OAG then initialed the transcribed
Agreed Order and the associate judge signed it. The Agreed Order stated, in relevant
part, “The Court FINDS and CONFIRMS that George Everardo Hernandez is in
arrears in the amount of $51,000.00 as of December 31st, 2004”—a date then eleven
months in the future—including “all unpaid child support and any balance owed on
previously confirmed arrearages or retroactive support judgments as of the specified
date.” (Bold emphasis added.). The final Agreed Order rendered judgment against
George in the amount of $51,000 on the basis of that finding and stated that “[t]he
judgment for this amount is a cumulative judgment.” The Agreed Order also
contained findings that George failed to pay court-ordered child support on four
specific dates in 2003. The referring court signed and entered the final Agreed Order
as the judgment of the court on January 28, 2004.
          The OAG subsequently moved for judgment nunc pro tunc, contending that the
Agreed Order did not reflect the agreement of the parties but contained a clerical
error, namely the finding that George was cumulatively in arrears as of December
2004, rather than December 2003. At the nunc pro tunc hearing, the OAG presented
evidence in the form of Maria’s testimony that the associate judge heard the terms of
the “Agreed Order” in open court and that the date of December 31, 2004 was
incorrectly transcribed by the associate judge in the written Agreed Order:
          Q.      Did you approach the judge with the Attorney General and your
ex?
          A.      I believe so, yes, sir.
          Q.      Okay. And did you-all recite your agreement into the record?
          A.      Yes, sir.
          Q.      And was it agreed upon and stipulated on the record that the
arrears as of December 31, 2003 were $51,000?
          A.      Yes, sir.
          Q.      Was there any testimony on the record—Was there any testimony
that the agreement was 2004?
          A.      No, sir.
George did not present contrary evidence. 

          At the close of the nunc pro tunc hearing, the trial court granted the OAG’s
motion for judgment nunc pro tunc, ordered that the confirmation date of the
arrearage be changed from December 31, 2004 to December 31, 2003, and wrote that
finding into the August 22, 2006 nunc pro tunc judgment. With respect to the
January 28, 2004 judgment, the court commented, “I think it is permissible for the
court to assume that the underlying court would not enter a judgment it had no
authority to enter.” I construe the court’s comment as its determination that it had no
authority to enter a judgment on January 28, 2004 that did not accurately reflect the
terms of the final Agreed Order rendered by the associate judge on January 21, 2004
and that the error was, therefore, a clerical mistake in the entry of the judgment and
not a judicial error in the judgment rendered. 

          The purpose of a judgment nunc pro tunc is to correct a clerical error in a
judgment after the court’s plenary power has expired. Jenkins v. Jenkins, 16 S.W.3d
473, 482 (Tex. App.—El Paso 2000, no pet.); see also Hawk v. E.K. Arledge, Inc.,
No. 05-01-01144-CV, 2002 WL 1225917, at *2 (Tex. App.—Dallas June 6, 2002,
pet. denied) (mem. op.) (purpose of judgment nunc pro tunc is to make written record
of judgment accurately reflect trial court’s decision and relief ordered). Thus, the
nunc pro tunc rule provides that “clerical mistakes in the record of any judgment may
be corrected by the judge in open court according to the truth or justice of the case
after notice of the motion therefor has been given to the parties interested in such
judgment.” Tex. R. Civ. P. 316. A trial court has plenary power to correct by
judgment nunc pro tunc a clerical error made in entering a final judgment, but it
cannot correct a judicial error made in rendering final judgment. Escobar v. Escobar,
711 S.W.2d 230, 231 (Tex. 1986); Jenkins, 16 S.W.3d at 482.

          “Rendition is the judicial act by which the court settles and declares the
decision of the law upon the matters at issue.” Comet Aluminum Co. v. Dibrell, 450
S.W.2d 56, 58 (Tex. 1970) (quoting Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040,
1041 (Tex. 1912)). An agreed judgment—or, in this case, a final order—is rendered
“whenever the trial judge officially announces his decision in open court . . . in his
official capacity for his official guidance whether orally or by written memorandum
the sentence of law pronounced by him in any cause.” Samples Exterminators v.
Samples, 640 S.W.2d 873, 875 (Tex. 1982) (quoting Comet Aluminum, 450 S.W.2d
at 59, and holding that, after parties had voiced their approval of settlement dictated
in open court, “the trial court rendered judgment by ordering them to sign and follow
the agreement”); see also Patel v. Eagle Pass Pediatric Health Clinic, Inc., 985
S.W.2d 249, 252 (Tex. App.—Corpus Christi 1999, no pet.); accord Noorian v.
McCandless, 37 S.W.3d 170, 173–74 (Tex. App.—Houston [1st Dist.] 1991, writ
denied) (agreeing with Samples, but finding that settlement agreement was
incomplete and was neither read into record nor admitted as exhibit). 

          A clerical mistake is, by contrast, “a mistake or omission in the final written
judgment that prevents it from accurately reflecting the judgment actually rendered.” 
Hawk, 2002 WL 1225917, at *2. Thus, to support a judgment nunc pro tunc, the
judgment entered must differ from the judgment actually rendered, so that the
judgment nunc pro tunc serves only to ensure that the judgment rendered is actually
entered of record. Id.; see also America’s Favorite Chicken Co. v. Galvan, 897
S.W.2d 874, 879 (Tex. App.—San Antonio 1995, writ denied); Ex parte Hogan, 916
S.W.2d 82, 85 (Tex. App.—Houston [1st Dist.] 1996, no writ) (trial court had
jurisdiction to correct obvious typographical errors in dates of missed child support
payments in contempt order nunc pro tunc to make written judgment speak truth of
judgment that judge actually rendered verbally in court).

          Whether an error in the judgment is clerical or judicial is a question of law.
Escobar v. Escobar, 711 S.W.2d 230, 232 (Tex. 1986). However, whether a court
pronounced judgment orally and what the terms of the pronouncement were are
matters of fact. Id. “The judicial or clerical question becomes a question of law only
after the trial court factually determines whether it previously rendered judgment and
the judgment’s contents.” Id. An appellate court may review the trial court’s factual
determinations regarding its rendition of judgment for legal and factual sufficiency
of the evidence. Id.

          Under former section 201.007(a)(14)(A) of the Family Code, an associate
family judge was given the authority to render a final agreed order. See Act of May
21, 2003, 78th Leg., R.S., ch. 476, § 1, 2003 Tex. Gen. Laws 1742 (current version
at Tex. Fam. Code Ann. § 201.007(a)(14)(A) (Vernon 2008)). Here, the associate
judge exercised that authority by hearing the terms of the agreement in open court,
transcribing them, and ordering the parties to sign and follow the agreement whose
terms they had recited—an agreement enforcing against George the arrearages in his
child support payments accumulated as of December 31, 2003. See Act of May 21,
2003, 78th Leg., R.S., ch. 476, § 1, 2003 Tex. Gen. Laws 1742 (current version at
Tex. Fam. Code Ann. § 201.007(a)(1), (2), (14)(A) (Vernon 2008)). However, the
associate judge mistakenly transcribed the arrearages as of December 31, 2004, a date
then 12 months in the future. The Agreed Order was then transmitted to the referring
court for entry as the judgment of the court. See former section 201.007(c)
(providing, “An agreed order . . . rendered and signed by an associate judge under
Subsection (a) constitutes an order of the referring court.”). Thus the trial court’s
entry of the final Agreed Order as its judgment on January 28, 2004 was not the
rendition of judgment, but the purely ministerial act of entry of judgment. See Serna
v. Webster, 908 S.W.2d 487, 490 (Tex. App.—San Antonio 1995, no pet.) (signing
of formal order or judgment is essential to trigger appropriate appellate timetable, but
is otherwise merely ministerial, mechanical act); see also Tex. R. Civ. P. 306
(providing for entry of judgment to determine beginning of periods prescribed by
rules). 

          The purpose of the trial court’s August 22, 2006 hearing on appellees’ Rule
316 motion for judgment nunc pro tunc was to determine whether the judgment
entered on January 28, 2004 accurately reflected the terms of the final Agreed Order
recited to the associate judge at the January 21, 2004 hearing. See Tex. R. Civ. P.
316. The trial court heard testimony at the nunc pro tunc hearing that, under the
terms of the Agreed Order as recited to the associate judge in open court, George was
in arrears in the amount of $51,000.00 as of December 31, 2003, not, as incorrectly
transcribed in the associate judge’s handwritten findings, 2004. This testimony was
not disputed. 

          I would hold that the evidence at the nunc pro tunc hearing was legally and
factually sufficient to support the trial court’s implied factual determination that the
confirmation date of arrearage recorded in its January 28, 2004 judgment did not
accurately reflect the terms of the final Agreed Order recited to the associate judge
in open court on January 21, 2004, that the confirmation date of arrearage was
incorrectly transcribed by the associate judge, and that George was actually in arrears
in the amount of $51,000 as of December 31, 2003, as the record shows—not
December 31, 2004. 

          Because there is probative evidence to support the trial court’s determination
that the judgment of the referring court entered on January 28, 2004 did not
accurately reflect the final Agreed Order rendered by the associate judge on January
21, 2004, I would hold that the sentence of law pronounced was that to which the
parties testified at the nunc pro tunc hearing, namely that George was in arrears in the
amount of $51,000 as of December 31, 2003, and that he should pay arrearages from
that time—and not from December 31, 2004, a date testified to by no one, contrary
to the testimony, the evidence, and logic, and appearing only in the incorrect
handwritten transcription of the parties’ final Agreed Order by the associate judge,
which was subsequently entered by the referring court as the judgment of the court. 
Thus, I would hold that the trial court did not err in correcting the arrearage
confirmation date in its August 22, 2006 judgment nunc pro tunc, and I would,
therefore, affirm the August 22, 2006 nunc pro tunc judgment. See Escobar, 711
S.W.2d at 232 (affirming judgment nunc pro tunc when, at hearing on motion for
judgment nunc pro tunc, district court heard evidence of partial judgment orally
rendered by different presiding judge in complex proceedings that differed from
written judgment entered on all claims in case four years later and court heard
evidence of contents of oral partial judgment, and some record evidence supported
trial court’s decision to correct judgment).

          The majority, however, holds that rendition of judgment occurred on January
28, 2004, when the trial court adopted the associate judge’s final report, consisting
of the final Agreed Order. Because all errors in the rendition of judgment are
substantive judicial errors, not clerical errors, the majority holds that the trial court
erred in correcting the arrearage confirmation date in the January 28, 2004 judgment
nunc pro tunc, and it vacates the nunc pro tunc judgment signed on August 22, 2006. 

          The majority relies for support on Galvan, 897 S.W.2d 874, Roman Catholic
Diocese of Dallas v. County of Dallas Tax Collector, 228 S.W.3d 475, 479 (Tex.
App.—Dallas 2007, no pet.), In re Fuselier, 56 S.W.3d 265, 268 (Tex.
App.—Houston [1st Dist.] 2001, orig. proceeding), and Stein, 868 S.W.2d 902. None
of the cases cited by the majority, however, support its holding. 

          The majority relies most heavily upon Galvan, which is distinguishable from
the case at hand. In Galvan, the plaintiff requested that the trial court grant her
motion for non-suit “with prejudice,” and, after the trial court had entered the
judgment and dismissed the suit, she requested correction of the judgment “nunc pro
tunc” to reflect dismissal “without prejudice,” claiming the request for a non-suit
“with prejudice” was a clerical error made by her counsel’s legal assistant. 897
S.W.2d at 876. There is no question, however, that a judicial ruling dismissing a suit
“with prejudice” in response to the prayer of a party is a declaration of the law upon
the matters at issue. See Comet Aluminum Co., 450 S.W.2d at 58 (defining rendition
of judgment). Therefore, I disagree that Galvan is applicable to this case, in which
the error corrected was not a judicial ruling but a transcription mistake.

          Likewise, in Roman Catholic Diocese, an agreed judgment was submitted to
the trial court pursuant to a compromise and settlement. 228 S.W.3d at 479. The
terms were set forth in the agreed judgment. Id. That judgment imposed ad valorem
tax liability on the Diocese for the years 1989 through 1991. Id. at 478–79. 
Approximately nine months later, the parties submitted an agreed “nunc pro tunc”
judgment to the trial court that imposed an additional two years of tax liability on the
Diocese, and the trial court approved it. Id. at 479. The appellate court voided the
“nunc pro tunc” judgment, stating, “A substantive change in a judgment results from
the correction of a judicial error, not a clerical one.” Id. The court explained,
“Because the trial court approved the settlement by signing the agreed judgment, the
judge’s act of signing the judgment constituted his rendition of the judgment” and
“any error that may have been made in the drafting of the judgment became part of
the judgment the court rendered at the time the judgment was signed.” Id. In sum,
the original mistake was the parties’ own drafting mistake, and, by accepting their
statement of the substantive terms of the agreed judgment, the trial court rendered
judgment. It could not then go back at the parties’ request and, by signing a judgment
“nunc pro tunc,” change a mistake in the declaration of the substantive law into a
clerical mistake. 

          In In re Fuselier, as in Galvan, the court signed an order dismissing a non-suited case “with prejudice.” 56 S.W.3d at 266. The order was signed as “approved”
by counsel for the movant. Id. at 267. When the same plaintiff subsequently filed a
second suit on the same issue, her new counsel discovered the dismissal with
prejudice and sought entry of an order nunc pro tunc changing the dismissal to one
with without prejudice on the ground that the original order was mistakenly submitted
by the plaintiff’s former attorney. Id. The trial court signed the order, but the appeals
court vacated it on the ground that the original order correctly reflected the judgment
actually rendered. Id. at 267–68. Again, the mistake that was sought to be corrected
by judgment “nunc pro tunc” was a mistake in the declaration of the substantive law,
not a clerical mistake.

          Former section 201.007(a)(14)(A) of the Family Code plainly states both that
an associate judge has the authority to hold an evidentiary hearing on the terms of an
agreed order and to render a final agreed order in accordance with those terms and
that any such order that is “rendered and signed by an associate judge under
Subsection (a) constitutes an order of the referring court.” See Act of May 21, 2003,
78th Leg., R.S., ch. 476, § 1, 2003 Tex. Gen. Laws 1742, 1742–43 (current version
at Tex. Fam. Code Ann. § 201.007(a)(14)(A) (Vernon 2008)). Not only does the
majority’s holding nullify the statute, but it also leads to the absurd result that a final
agreed order is not rendered by the associate judge who heard its terms recited in
open court by the parties, transcribed them, and signed the final order, but is rendered
by the referring court that did not hear or transcribe the terms but merely entered the
final order as its own judgment.

          The essential problem with the majority’s holding that “rendition” of a final
Agreed Order heard, transcribed, and signed by an associate family judge occurs
when the referring court enters the final order as the judgment of the court is that,
with this holding, clerical errors in the transcription of the terms of an agreed final
order recited to an associate family judge under the authority conferred by former
section 201.007(a)(14)(A) are automatically transformed into substantive judicial
errors. Hence, the intent of section 201.007(a)(14)(A), that associate judges of the
family court be empowered to render final agreed orders, except as limited by orders
of referral, is nullified, and there can never be a nunc pro tunc correction of a final
agreed order rendered by an associate family judge pursuant to section
201.007(a)(14)(A), no matter how absurd or obvious a mistake is made in
transcribing the terms of the agreement. I believe that the court’s holding is
inconsistent both with the plain language and purpose of section 201.007(a)(14)(A)
and with the purpose of the nunc pro tunc rule, as well as with Comet Aluminum and
Samples, which approve the correction of clerical errors in a judgment nunc pro tunc. 
See Samples, 640 S.W.2d at 875; Comet Aluminum, 450 S.W.2d at 58–59.

          I would overrule appellant’s sole issue.

 
 
 
 
 
Conclusion

          I would affirm the trial court’s judgment nunc pro tunc.









                                                             Evelyn V. Keyes

                                                             Justice

 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Justice Keyes, dissenting.