# NO. 12-18-00179-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERESA JANE MATTESON,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Teresa Jane Matteson appeals her conviction for continuous sexual abuse of a child. In one issue, she argues that she received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was the custodial guardian of the child victim in this case. The Texas Department of Family and Protective Services (the Department) placed the victim with Appellant when he was less than a year old. At the time of the placement, the Department believed Appellant was the victim's paternal grandmother.

In June 2015, the Department received a report that Appellant was neglecting the victim. Jennifer Smith, a Department investigator, attempted to locate Appellant and the victim for two months with no success. After learning that the victim missed a doctor's appointment and did not receive his medication, Smith obtained a court order to remove the victim from Appellant's care. Still unable to locate the victim, Smith contacted the news media. An alert publishing a photograph of the victim and requesting the public's assistance in locating him was released. On September 4, Appellant brought the victim into the Department's custody, and he was removed from Appellant's care. Appellant was required to participate in a family service plan to determine the victim's future placement.

Subsequently, the victim's mother told the Department that the individual believed to be the victim's biological father was not his father; thus, Appellant was not the victim's biological grandmother. The Department contacted and verified the biological father's identity, and later determined that the victim should be placed with the father. Thereafter, when discussing the scheduling of a "goodbye visit" with Appellant, the victim told Nancy Harris, a Department caseworker, that Appellant sexually abused him. The victim was taken to the children's advocacy center and interviewed by Patty Flowers, a trained forensic interviewer. During the interview with Flowers, the victim described being sexually assaulted multiple times by Appellant in various locations throughout Van Zandt County, Texas.

Appellant was arrested and charged by indictment with continuous sexual abuse of a child. She entered a plea of "not guilty" and a jury trial followed. At trial, the State asked that the victim be allowed to testify by closed circuit television. Initially, Appellant's trial counsel objected, but after the trial court questioned the victim outside the presence of the jury, Appellant's counsel agreed to allow the victim to testify by closed circuit television.

The victim testified that he lived with Appellant, who he believed was his grandmother, prior to being removed by the Department. He testified that Appellant insisted he and Appellant sleep nude together in her bed. He testified that when he was five or six Appellant began making him engage in sexual activity with her. Specifically, he testified that Appellant touched his sexual organ and buttocks, made him insert his sexual organ into Appellant's sexual organ, and made him touch her sexual organ and anus with his hand. The victim testified that Appellant made him perform these acts almost daily.

In addition to the victim's testimony, the State called Smith and Harris, who testified about their involvement prior to the victim's outcry. The State called Flowers and admitted the victim's forensic interview and his written statements made during the interview into evidence. The State called William Crawford, an investigator with the Van Zandt County District Attorney's Office, and through Crawford, admitted various notes that Appellant sent to the victim while he was in the Department's custody.

Appellant called two witnesses: the victim's mother's close friend, Brianne Rogerson, and the victim's aunt, Felicia Malone. Both women testified that the victim had a bad reputation for truthfulness and lied frequently. Both also testified that they loved the victim and had no significant relationship with Appellant.

Ultimately, the jury found Appellant "guilty" and the court sentenced her to life in prison. This appeal followed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In one issue, Appellant complains that her trial counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that the result would have been different had her trial counsel performed adequately.

**Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Id.*, 466 U.S. at 688, 104 S. Ct. at 2065. The second step requires the appellant to prove that trial counsel's deficient performance prejudiced his defense. *Id.*, 466 U.S. at 692, 104 S. Ct. at 2067.

To satisfy the first step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *abrogated on other grounds by Mosley v. State*, 985 S.W.2d 249 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.—Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.—

Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Appellant's burden on appeal is well established. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.—Dallas Apr. 25, 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and cannot be built upon retrospective speculation. *Id.* at 835.

## Analysis

Appellant argues that her counsel was ineffective because he failed to (1) request notice of bad acts and object to the admission of testimony that Appellant failed drug tests during the Department's case; (2) object to the admission of written statements the victim made during the forensic interview; (3) object to the admission of the videotaped forensic interview of the victim; and (4) object to the victim testifying by closed circuit television.

However, the record before this Court is largely silent about trial counsel's defensive strategy or the reasoning for his actions during the trial. Generally, a silent record cannot defeat the strong presumption that counsel was effective. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Thompson v. State*, 9 S.W.3d 808, 813-24 (Tex. Crim. App. 1999); *but see Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (appellate court should not find deficient performance unless challenged conduct "so outrageous that no competent attorney would have engaged in it" from an undeveloped record); *Andrews v. State*, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005) (reversing conviction "in a rare case" on basis of ineffective assistance of counsel).

In *Andrews*, the prosecutor filed a motion to cumulate the appellant's sentences in three counts of sexual assault and one count of indecency with a child. 159 S.W.3d at 100. Thereafter, the prosecutor told the jury in closing argument that the sentences the jury assessed would run concurrently. *Id.* Trial counsel made no objection to the prosecutor's argument, despite it being

4

a misstatement of the law. *Id.* The trial court granted the State's motion to cumulate the appellant's sentences, resulting in a combined prison sentence of seventy-eight years. *Id.* In reversing the appellant's conviction, the court reasoned that the prosecutor's argument left the jury with the false impression that the appellant's sentences could not be ordered to be served cumulatively, and that appellant would serve no more than twenty years for all four counts. *Id.* at 103. Therefore, the court held, that under the "extremely unusual circumstance of [the] case," the record contained all of the necessary information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

Appellant's case is unlike the unusual circumstances found in *Andrews*, because counsel's reasons in *Andrews* were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.—Dallas June 28, 2005, no pet.) (op.; not designated for publication). Counsel's failure to object to a misstatement of the law, which is unquestionably detrimental to one's client, when the harm is so clearly presented on appeal is quite unlike counsel's decision not to object to testimony or evidence as a matter of trial strategy. *See Lopez v. State*, 343 S.W.3d 137, 143-44 (Tex. Crim. App. 2011) (appellant failed to show counsel was ineffective in failing to object to three outcry witnesses who gave similar testimony because record was silent as to counsel's reasons for doing so); *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel); *Melonson v. State*, 942 S.W.2d 777, 782 (Tex. App.—Beaumont 1997, no pet.) (appellant failed to provide required authority in support of argument that objections would have been meritorious); *Gilbert v.* **State**, No.14-02-00727-CR, 2003 WL 22176625, at *3 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op., not designated for publication) (assuming arguendo that extraneous offense evidence was inadmissible, trial counsel's failure to object not ineffective assistance in absence of any evidence of trial counsel's strategy); *see also, e.g., Walker v. State*, No. 12-13-00076-CR, 2014 WL 357193, at *2 (Tex. App.—Tyler Jan. 31, 2014, pet. ref'd) (mem. op., not designated for publication) (failure to object to hearsay not ineffective assistance of counsel because counsel's reasons not demonstrated by record).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363

S.W.3d at 593. We hold that the record before us does not contain all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. *See* **Bone**, 77 S.W.3d at 835. Therefore, we hold that Appellant has not met her burden to satisfy the first prong of **Strickland** as set forth above because the record does not contain the requisite evidence for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged deficient acts, and Appellant cannot overcome the strong presumption that her counsel performed effectively. *See* **id.**; *see also* **Jackson**, 877 S.W.2d at 771. Because we so hold, we need not consider the second prong of **Strickland**. *See* **Lopez**, 343 S.W.3d at 144. Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2019**

**NO. 12-18-00179-CR**

**TERESA JANE MATTESON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00542)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*