**AMERICA'S FAVORITE CHICKEN CO., Appellant,**

v.

**Rosemary GALVAN, Appellee.**

**No. 04–94–00713–CV.**

Court of Appeals of Texas, San Antonio.

March 31, 1995.

Rehearing Denied May 1, 1995.

Stephen R. Pilcher and J. Daniel Harkins, Cox & Smith Inc., San Antonio, for appellant.

Daniel R. Rutherford, Alex Katzman, and, Steven P. Redgate, Sr., Rutherford, Pytel & Blagg, San Antonio, for appellee.

Before LOPEZ, STONE and GREEN, JJ.

## OPINION

LOPEZ, Justice.

Appellant brings this appeal to question a nunc pro tunc judgment which amends "with prejudice" language in an order granting appellee's motion for nonsuit to read "without

prejudice." It was undisputed that appellee's counsel accidentally moved for nonsuit "with prejudice," and that the trial court granted the motion and issued its order accordingly. Because there was no evidence that the judgment entered differed from the judgment rendered, any error in the judgment entered was not a clerical error which could be corrected by a nunc pro tunc judgment. We therefore vacate the judgment nunc pro tunc and reinstate the original judgment.

### a. Facts and Procedural History

In May of 1993, plaintiff-appellee, Rosemary Galvan, filed a lawsuit in the 288th District Court of Bexar County, Texas against defendant-appellant, America's Favorite Chicken Company [AFC]. Ms. Galvan subsequently decided to bring the lawsuit in Maverick County instead. She filed a motion for nonsuit in Bexar County, requesting that the trial court grant the nonsuit with prejudice. On February 16, 1994, the trial court issued an order granting the motion for nonsuit with prejudice. Ms. Galvan then refiled her cause of action in the 365th District Court of Maverick County. AFC moved for summary judgment in Maverick County on res judicata grounds based on the 288th District Court's order granting a nonsuit with prejudice. On September 13, 1994, Ms. Galvan moved for a judgment nunc pro tunc under Texas Rule of Civil Procedure [TRCP] 316 in the 288th District Court, alleging that the motion for nonsuit erroneously stated "with" instead of "without" prejudice. The trial judge, Carolyn Spears, held a hearing on Ms. Galvan's motion for judgment nunc pro tunc. Ms. Galvan's counsel testified at the hearing that the error in the motion for nonsuit was a clerical error made by his legal assistant, and that the motion should have read "without" instead of "with" prejudice. Counsel did not dispute, and in fact confirmed, that responsibility for the error rested on his shoulders alone and not with the court.

On September 20, 1994, after the court's plenary jurisdiction expired, Judge Spears issued an order granting Ms. Galvan's motion for judgment nunc pro tunc and changed the order of nonsuit to read "without" instead of "with" prejudice. Pursuant to AFC's request, the judge issued findings of fact and conclusions of law based on the evidentiary hearing on the motion. She essentially concluded that the signing of the nonsuit order "with prejudice" was a ministerial act, which required no judicial reasoning, and could thus be corrected by a judgment nunc pro tunc.

AFC brings nine points of error on appeal. We find point of error two to be dispositive, and thus do not reach the remaining eight points. In point two, AFC contends that the trial court erred in granting the motion for judgment nunc pro tunc because, as a matter of law, the error contained in the order dismissing the lawsuit with prejudice instead of without prejudice was judicial error rather than clerical error. The essence of AFC's argument is that there is no evidence that the judgment the trial judge signed and entered of record differed from the judgment she rendered.

### b. Nunc Pro Tunc Procedure

Under TRCP 329, a trial court has plenary power to correct judicial errors in a judgment pursuant to a motion filed within thirty days after the judgment is signed. A "judicial error" is commonly defined as an error in the rendition of judgment as opposed to the entry of judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). Judicial errors may not be corrected by a nunc pro tunc proceeding after the trial court's plenary jurisdiction expires. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). At that point, the trial court may not modify or correct a written judgment unless the judgment as entered does not reflect the judgment the court actually rendered. TEX.R.CIV.P. 329b(f); *Escobar*, 711 S.W.2d at 231. Such errors in the entered judgment are usually termed "clerical" rather than "judicial" errors, and may be corrected under the court's nunc pro tunc powers at any time. TEX.R.CIV.P. 316; *Thompson v. Texas Dep't of Human Resources*, 859 S.W.2d 482, 484 (Tex.App.—San Antonio

1993, no writ). Clerical errors have been further defined as errors which involve no judicial determination or reasoning. *Seago v. Bell,* 764 S.W.2d 362, 363 (Tex.App.—Beaumont 1989, no writ); *Nolan v. Bettis,* 562 S.W.2d 520, 522 (Tex.Civ.App.—Austin 1978, no writ).

■ Whether an error in a judgment is clerical rather than judicial is a question of law. However, what judgment was actually rendered is a question of fact for the trial judge. *Thompson,* 859 S.W.2d at 484. In considering a motion for judgment nunc pro tunc, the trial court may not focus on what judgment *should* have been rendered. Rather, the critical inquiry must be on what judgment was *actually* rendered by the trial court. *Wood v. Griffin & Brand,* 671 S.W.2d 125, 128 (Tex.App.—Corpus Christi 1984, no writ). If the judgment entered is the same as the judgment rendered, *regardless* of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires. *Escobar,* 711 S.W.2d at 232; *Love v. State Bank & Trust Co.,* 126 Tex. 591, 90 S.W.2d 819 (1936).

## c. Determination of Judgment Rendered

■ The trial court issued eight findings of fact after issuing the judgment nunc pro tunc. She found, in findings two and three, that she routinely entered an order of nonsuit with prejudice in chambers, with no attorneys or parties present. She found, in findings four and five, that in entering the order granting nonsuit, she exercised no judicial discretion or reasoning; that it was a "matter of routine procedure." In finding of fact number seven, the judge found that a "clerical error" was made by plaintiff's counsel before the judgment was presented to her for signature and entry, and that she made no judicial determination on the merits or on the rights of the parties.

Based on her findings of fact, the judge made four conclusions of law. She concluded that the act of signing the nonsuit order with prejudice was a purely ministerial act requir-

ing no judicial reasoning. She concluded that the entry of the order of nonsuit with prejudice was a clerical error. She further concluded that the nonsuit order was corrected by her judgment nunc pro tunc and that the lawsuit was dismissed without prejudice.

■ Judge Spears never stated in her findings of fact or conclusions of law that she rendered or intended to render judgment without prejudice. Rather, she emphasized that her act of signing and entering the order of nonsuit with prejudice was purely a ministerial act, involving no judicial determination or reasoning. No finding was made with respect to any judgment actually rendered. In order to issue a judgment nunc pro tunc, there *must* be some evidence that the judgment the trial judge actually rendered is not correctly represented in the judgment she signed and entered of record. *Escobar,* 711 S.W.2d at 232.

■ Ms. Galvan argues that the trial judge never "rendered" judgment because she never made an adjudication on the merits, given that she had no discretion not to grant the motion for nonsuit. This argument is incorrect because an order of dismissal of a cause pursuant to a nonsuit does become a final judgment after the court's plenary jurisdiction expires. *Harris County Appraisal Dist. v. Wittig,* 881 S.W.2d 193, 194–95 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding [leave denied]); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 163 (Tex.App.—Fort Worth 1992, appeal dism'd as moot). *See also Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991) (plaintiff's "right to appeal sanctions order accrued when the trial court *rendered* its judgment," which was an order of dismissal on plaintiff's motion for nonsuit [emphasis added]). It is true that orders of nonsuits or dismissals without prejudice are not an adjudication on the rights of the parties because the parties are simply returned to the positions they were in before suit was brought. *Thompson,* 859 S.W.2d at 484 (citing *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.1962)). Likewise, orders of nonsuits or dismissals with preju-

dice do constitute an adjudication on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991); *Thompson*, 859 S.W.2d at 484. However, even though a court has no discretion not to grant a plaintiff's timely filed and proper motion for nonsuit, its issuance of a written order granting the motion, which dismisses the entire case, represents a written judgment entered of record regardless of whether an adjudication on the merits has occurred. *See Felderhoff*, 819 S.W.2d at 111; *Harris County*, 881 S.W.2d at 194–95. The judgment granting nonsuit becomes final thirty days after it is signed, when no motion for new trial is filed. *Harris County*, 881 S.W.2d at 194; TEX.R.CIV.P. 329b. At that point the trial court's plenary jurisdiction expires.

In the instant case, the trial judge could only amend the final written order/judgment granting nonsuit with prejudice if there was some evidence that she, at some point before the order was entered, rendered judgment without prejudice. A judgment is rendered "whenever the trial judge officially announces his decision in open court ... in his official capacity for his official guidance whether orally or by written memorandum the sentence of law pronounced by him in any cause." *Comet Aluminum*, 450 S.W.2d at 59; *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982).[1] In this case, there was simply no evidence that the trial court rendered judgment prior to signing the order. Ms. Galvan's motion for nonsuit requested the trial court to grant nonsuit as to AFC with prejudice. Ms. Galvan there-

fore specifically requested the trial court to render an adjudication on the merits of her claim. There was no evidence that the trial court intended to do anything other than grant Ms. Galvan's motion or do exactly as Ms. Galvan requested. The trial court's finding that she did not exercise any judicial discretion or reasoning is not relevant to the issue of whether she actually rendered judgment with or without prejudice.

The only evidence presented in the record before us on the issue of what judgment the trial court actually rendered is plaintiff's motion for nonsuit with prejudice and the signed order granting the motion. Since there was no evidence or finding of fact with regard to a prior rendition of judgment, we hold that this is a case in which the judge's signing of the original written judgment constituted her rendition of judgment. *Wood*, 671 S.W.2d at 129. *See Comet Aluminum*, 450 S.W.2d at 58 (the first words "officially" spoken by a judge on the disposition of an issue, either orally or in writing, constitute his rendition of judgment on that issue). When there is no difference between a judgment as rendered and a judgment as entered, any error in the judgment is judicial error, and a judgment nunc pro tunc after plenary jurisdiction expires is improper. *Escobar*, 711 S.W.2d at 232.

### d. Conclusion

 An error in the rendition of judgment is *always* judicial error, which may not be corrected by a nunc pro tunc judgment. *Comet Aluminum*, 450 S.W.2d at 58–59;

---

1. The granting of a motion for nonsuit or dismissal necessarily involves some "pronouncement of law." *See Harris County*, 881 S.W.2d at 194 (plaintiffs do not have an unqualified right to a dismissal of the entire suit when another party has pending claims for affirmative relief; the judge must determine what part of the lawsuit is dismissed). Galvan argues that no rendition occurred because the grant of a nonsuit involves no judicial discretion and is not a rendition of judgment. AFC argues that a grant of nonsuit with prejudice involves a rendition because it is a final adjudication on the rights of the parties, implying that a grant of nonsuit without prejudice would not be a rendition. Both Galvan and AFC appear to misread this court's holding in *Thomp-*

son. In *Thompson*, the plaintiff moved for a nonsuit without prejudice. The trial court's written order nonsuited the cause with prejudice. *Thompson*, 859 S.W.2d at 484. We did hold that the act of granting a motion for nonsuit (with or without prejudice) is a ministerial act. However, we did not hold that no rendition of judgment occurred for that reason. Rather, we held that "[t]he fact that the trial court ... had no discretion to grant the nonsuit 'with prejudice' and was presumed to know the law and follow it, is some evidence that the 'with prejudice' entry was a clerical error." *Thompson*, 859 S.W.2d at 485 (overruling appellant's no evidence point of error on the grounds that there was some evidence that the trial court *rendered* judgment without prejudice).

*Gray v. Turner,* 807 S.W.2d 818, 822 n. 2 (Tex.App.—Amarillo 1991, no writ). Such an error may only be corrected by appeal, writ of error or bill of review. *Comet Aluminum,* 450 S.W.2d at 58; *Gray,* 807 S.W.2d at 822 n. 2. Even incorrect or unintended renditions of judgment do not constitute an error in the entry or recording of the judgment which can be corrected by a judgment nunc pro tunc. *Escobar,* 711 S.W.2d at 232; *Alford v. Whaley,* 794 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, no writ), *Cf. Love,* 126 Tex. at 593–96, 90 S.W.2d at 820–21 (unintended judgment of dismissal was judicial error, even though case was inadvertently placed on the list of cases to be dismissed for want of prosecution). Furthermore, any error made by Ms. Galvan's attorney in drafting the motion for nonsuit "with prejudice" does not constitute a "clerical error." It is well settled that recitations or provisions alleged to have been included in a judgment by mistake of the attorney are nevertheless part of the court's judgment as rendered, and are thus judicial errors as a matter of law. *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973); *Seago,* 764 S.W.2d at 364; *Stock v. Stock,* 702 S.W.2d 713, 716 (Tex.App.—San Antonio 1985, no writ). In sum, the judgment as entered *must* differ from the judgment as rendered; a nunc pro tunc judgment will only serve to ensure that the judgment as rendered is actually entered of record. *Escobar,* 711 S.W.2d at 231; *Thompson,* 859 S.W.2d at 484.

Any error which occurred in the trial judge's rendition of judgment "with prejudice" was, as a matter of law, judicial error. Therefore, we hold that the trial court erred in granting Ms. Galvan's motion for judgment nunc pro tunc because the judgment as entered contained no clerical error not included in the judgment as rendered. AFC's point of error two is sustained. The order granting Ms. Galvan's motion for judgment nunc pro tunc signed September 20, 1994 is vacated, and the February 16, 1994 order granting Ms. Galvan's motion for nonsuit with prejudice is in all respects reinstated.