No. 04-98-00601-CV



George WALLACE,


Appellant



v.



Lee TUCKER,


Appellee



From the 216th Judicial District Court, Kendall County, Texas


Trial Court No. 97-093


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: March 17, 1999


REVERSED AND REMANDED

 This is an appeal from a summary judgment rendered in a declaratory judgment action. We
reverse the summary judgment and remand for further proceedings.

Background


 George Wallace's truck was damaged in an accident with a vehicle being driven by Lee
Tucker's son. After the accident, the sheriff impounded the truck, and Wallace, who lived over 200
miles away, neither recovered the truck from the sheriff nor paid the storage fees imposed by the
sheriff. On March 9, 1996, the sheriff sold the truck for $800. The record does not reveal how or
when the parties learned that the truck had been sold, but both parties claim they did not know about
the sale until after March 27, 1996.

 Wallace, acting pro se, sued Tucker in Kendall County Justice Court, seeking recovery for
the damage to his truck and requesting that Tucker pay the storage fees. On March 27, 1996, the
justice court conducted a bench trial and signed a judgment awarding Wallace $2500 from Tucker.
Neither party appealed this judgment or filed any formal motions attacking it, but Tucker's counsel
apparently contacted the justice of the peace in an informal way and sought a clarification of the
judgment. On April 3, 1996, the justice of the peace sent a letter to both parties, apologizing "for
the oversight" and clarifying that Wallace "will have to surrender the title of his [truck] to Safeco
Insurance Company [Tucker's insurer] as per my ruling on March 27, 1996. He will also be required
to pay all storage charges accrued prior to releasing the vehicle to Safeco."

 Thereafter, Tucker attempted to settle the case for less than $2500. Wallace retained counsel
and refused the settlement offer, contending that the judgment imposed an unconditional obligation
on Tucker to pay him $2500 and that the justice's letter was ineffective to modify the judgment.

 On February 10, 1997, the justice of the peace signed a judgment nunc pro tunc, awarding
Wallace $2500 "when [he] transfers title to his [truck] to Safeco Insurance Co. (storage charges are
the responsibility of [Wallace]) ...." At the time the judgment nunc pro tunc was signed, the parties
and the justice of the peace knew that the truck had already been sold by the sheriff. Neither party
appealed the judgment nunc pro tunc. Instead, Wallace informed Tucker he would comply with the
judgment nunc pro tunc by transferring the truck's title--even though the truck had already been
sold--and would seek to collect the full $2500 judgment from Tucker.

 Tucker filed this declaratory judgment action in the district court to determine the parties'
rights and obligations under the judgment nunc pro tunc and to enjoin Wallace's enforcement efforts.
He then filed a motion for summary judgment, requesting that the judgment nunc pro tunc be
declared unenforceable. Alternatively, he requested that he be required to pay Wallace $1700 in full
satisfaction of the judgment nunc pro tunc. Tucker computed this amount by assuming that $800,
the amount the sheriff received for the truck, was a reasonable estimate of the truck's value, and then
deducting that amount from the $2500 judgment amount. Wallace filed a response, asserting that
the judgment nunc pro tunc is void because it was signed after the justice court's plenary jurisdiction
expired. In an affidavit attached to his response, Wallace swore that on March 27, 1996, the justice
of the peace did not render judgment that he surrender title of his truck to Safeco.

 The district court granted Tucker's motion for summary judgment. The court ordered that
Tucker pay Wallace $1700 and that Tucker recover $2500 in attorney fees from Wallace, resulting
in a net judgment in Tucker's favor for $800.

Discussion


 Wallace argues that it is improper to use a declaratory judgment to interpret or modify
another court's judgment. He therefore asserts that in this case the district court's scope of inquiry
was limited to determining whether the justice court's judgment nunc pro tunc is void. Because his
affidavit raises a fact question regarding whether the justice court's judgment is void, he argues that
the district court erred by granting summary judgment. We agree.

 The purpose of a declaratory judgment action is to declare existing rights and obligations.
See Emmco Ins. Co. v. Burrows, 419 S.W.2d 665, 670 (Tex. Civ. App.--Tyler 1967, no writ).
Courts generally disfavor petitions for declaratory relief that seek to "interpret" a prior judgment.
See, e.g., Cohen v. Cohen, 632 S.W.2d 172, 173 (Tex. App.--Waco 1982, no writ); Speaker v.
Lawler, 463 S.W.2d 741, 742-43 (Tex. Civ. App.--Beaumont 1971, writ ref'd n.r.e.). As our
supreme court has noted, "A suit to 'interpret' a judgment is usually a guise to obtain review or
modification of a judgment outside of the appellate process or an attempt to collaterally attack a
judgment." Bonham State Bank v. Beadle, 907 S.W.2d 465, 468 (Tex. 1995); see also Segrest v.
Segrest, 649 S.W.2d 610, 611-12 (Tex. 1983) (declaratory judgment may not be used to collaterally
attack final divorce decree); Lee v. Johnson, 858 S.W.2d 58, 61 (Tex. App.--Houston [14th Dist.]
1993, no writ) (declaratory judgment may not be used to change terms of decree). In this case, the
judgment rendered by the district court has the effect of modifying the terms of the justice court's
nunc pro tunc judgment. This is an improper form of relief in a declaratory judgment action.

 Although it is clear that a declaratory judgment action may not be used to collaterally attack
a prior valid judgment, it is equally clear that it may be used to declare a prior judgment void. See
Segrest, 649 S.W.2d at 613; Glunz v. Hernandez, 908 S.W.2d 253, 255 (Tex. App.--San Antonio
1995, writ denied); Mercer v. Phillips Natural Gas Co., 746 S.W.2d 933, 936 (Tex. App.--Austin
1988, writ denied). A judgment rendered after the trial court's plenary power has expired is void,
unless the judgment qualifies as a nunc pro tunc judgment. See Dikeman v. Snell, 490 S.W.2d 183,
186 (Tex. 1973).

 To qualify as a nunc pro tunc judgment, the judgment must correct a clerical error, i.e., an
error in the recording of the judgment. See America's Favorite Chicken Co. v. Galvan, 897 S.W.2d
874, 876 (Tex. App.--San Antonio 1995, writ denied). A nunc pro tunc judgment may not be used
to correct a judicial error, i.e., an error in the rendition of the judgment. See id. A court may not
enter a judgment nunc pro tunc merely because a different judgment should have been rendered. See
id. at 877. Instead, the critical inquiry is what judgment was actually rendered. See id. Although
the question of whether an error is clerical or judicial is ultimately a question of law, the question
of what judgment was actually rendered is a question of fact. See id. To determine what judgment
was actually rendered, acceptable evidence includes oral testimony of witnesses, written documents,
the court's docket, and the judge's personal recollections. See Pruet v. Coastal States Trading, Inc.,
715 S.W.2d 702, 705 (Tex. App.--Houston [1st Dist.] 1986, no writ).

 In this case, Wallace's affidavit states that the justice of the peace did not order him to
surrender title of his truck to Safeco when she rendered judgment on March 27, 1996. Thus, a fact
question exists regarding what judgment was actually rendered by the justice of the peace, and
consequently, regarding whether the judgment nunc pro tunc is void. Because of the existence of
this fact question, the trial court erred by granting summary judgment. See Tex. R. Civ. P. 166a(c);
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).

 Tucker asserts that the summary judgment is proper under Bonham State Bank. In that case,
the supreme court held that a declaratory judgment action is a proper vehicle for the offset of two
final judgments. See Bonham State Bank, 907 S.W.2d at 468. The court did not hold that a
declaratory judgment action may be used to change the terms of a judgment. More importantly, in
Bonham State Bank, it was undisputed that the two prior judgments were valid final judgments.
Here, however, a fact question exists regarding whether the underlying judgment is valid. Bonham
State Bank is inapposite.


Conclusion


 The judgment of the district court is reversed, and the cause is remanded for further
proceedings not inconsistent with this opinion.


 Tom Rickhoff, Justice

DO NOT PUBLISH
Return to
Fourth Court of Appeals