Reversed and Rendered and Memorandum Opinion filed August 28, 2008








Reversed and
Rendered and Memorandum
Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00993-CV

____________

 

R.O. WHITMIRE, Appellant

 

V.

 

ORAN A. LILLY, JR., Appellee

 



 

On Appeal from the 155th
District Court

Waller County, Texas

Trial Court Cause No. 03-04-16774

 



 

M E M O R A N D U M   O P I N I O N

R. O.
Whitmire appeals from a judgment nunc pro tunc entered August 17, 2007 in a
property dispute.  In two issues he contends (1) the judgment nunc pro tunc is
void and (2) the trial court erred in failing to correct the clerical error in
its original judgment.  

Background








In 2003, appellee filed suit against appellant and others
seeking to quiet title on real property in Waller County.  On October 19, 2005,
the trial court orally announced a decision that the property was to be
partitioned, with 52% percent of the property granted to appellee, and 48% of
the property granted to appellant.  The court further ordered that the parties
share the cost to survey the property and that appellee remove all tires,
equipment, and other tangible items from appellant=s portion of the
property within 45 days, which would be December 3, 2005.  At the hearing on
October 19, 2005, appellant requested that the court impose a $50 per day
sanction for every day after December 3, 2005, that the tires and other debris
remained on the property.  The court denied appellant=s request for
sanction and stated that if the tires and debris were not promptly removed,
appellant could file a motion to enforce the judgment and could recover
whatever costs were necessary to enforce the judgment at that time.

The trial court=s oral
announcement was not reduced to a written judgment until March 23, 2006.  At
that time, the trial court ordered the property to be partitioned Aby a straight line
running north-to-south, with all real property to the east of such line being
hereby fully granted to and owned solely by the [appellee] and all real
property to the west of such line being hereby fully granted to and owned by
[appellant].@  The court further ordered that appellee should
recover from appellant $2299.83, representing an amount awarded in a previous
suit to clear title on the same property, and that appellant should recover
from appellee $1358.54, representing half of the cost of the official survey of
the property.  In a handwritten addition, the court ordered sanctions for
failure to remove the tires from the property at A$50.00/day
beginning Dec. 4, 2006.  $800.00 [attorney=s fees] assessed
as sanctions.@

Six months later, on September 29, 2006, appellant filed a
motion to correct the judgment nunc pro tunc.  In his motion, appellant alleged
that the trial court=s written  judgment contained a clerical
error in that the court ordered sanctions to begin December 4, 2006, but the
tires and debris were required to be removed by December 3, 2005.  Appellant
alleged that the trial court made a clerical error in writing the year 2006
instead of 2005.  








On August 17, 2007, the trial court signed a second
judgment in which it deleted the reference to the Waller County deed records in
its description of the property, deleted the description of how the property
was to be partitioned, deleted any reference to removing tires and debris from
appellant=s portion of the property including references to
sanctions, and deleted the award of $1358.54 to appellant.  

Appellant appealed from the August 17, 2007 judgment
claiming it is void and also asking this court to modify the March 23, 2006
judgment to reflect that sanctions accrued on December 4, 2005.

Nunc Pro Tunc Procedure

Under Texas Rule of Civil Procedure 329b, a trial court has
plenary power to correct judicial errors in a judgment pursuant to a motion
filed within 30 days after the judgment is signed.  A Ajudicial error@ is commonly
defined as an error in the rendition of judgment as opposed to the entry of
judgment.  Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986). 
Judicial errors may not be corrected by a nunc pro tunc proceeding after the
trial court=s plenary jurisdiction expires.  Comet Aluminum Co.
v. Dibrell, 450 S.W.2d 56, 58 (Tex. 1970).  After plenary jurisdiction
expires, the trial court may not modify or correct a written judgment unless
the judgment as entered does not reflect the judgment the court actually
rendered. Tex. R. Civ. P. 329b(f); Escobar, 711
S.W.2d at 231.  Such errors in the entered judgment are usually termed Aclerical@ rather than Ajudicial@ errors, and may
be corrected under the court=s nunc pro tunc powers at any time.  Tex. R. Civ. P. 316.  Even if the trial
court rendered judgment incorrectly, it cannot alter the written judgment if
the written judgment precisely reflected the judgment that was rendered.  See
LaGoye v. Victoria Wood Condominium Ass=n, 112 S.W.3d 777,
783 (Tex. App.CHouston [14th Dist.] 2003, no pet.). 








              Whether
an error in a judgment is clerical rather than judicial is a question of law.  Escobar,
711 S.W.2d at 232.  However, what judgment was actually rendered is a question
of fact for the trial court.  America=s Favorite Chicken
Co. v. Galvan, 897 S.W.2d 874, 877 (Tex. App.CSan Antonio, 1995,
writ denied).  In considering a motion for judgment nunc pro tunc, the trial
court may not focus on what judgment should have been rendered; rather, the
critical inquiry must be on what judgment was actually rendered.  Id. 
If the judgment entered is the same as the judgment rendered, regardless of
whether the rendition was incorrect, a trial court has no nunc pro tunc power
to correct or modify the entered judgment after its plenary jurisdiction
expires.  Escobar, 711 S.W.2d at 232.

Analysis

 

The
August 17, 2007 Judgment

The trial court=s plenary power
over the first judgment signed March 23, 2006, expired 30 days later on April
22, 2006.  See Tex. R. Civ. P. 329b(d). 
After plenary power expired, the trial court had no jurisdiction to change the
judgment other than to correct clerical errors.  Tex. R. Civ. P. 329b(f).  Any error that may have been made
in the drafting of the judgment became part of the judgment rendered at the
time the judgment was signed.  See Dikeman v. Snell, 490 S.W.2d 183, 185
(Tex. 1973).  

The second judgment signed by the trial court purports to
delete several portions of the court=s first judgment. 
According to appellee=s brief, the trial court realized that its
description in the first judgment as to how the property was to be partitioned
was ambiguous and sought to clarify that portion of the judgment.  Further,
because the tires had been removed from the property, the trial court did not
include that portion of the judgment.  However, the trial court did not have
jurisdiction to make substantive changes in the judgment.  The August 17, 2007
judgment made several substantive changes in the March 23, 2006 judgment, which
resulted in corrections of judicial errors, not clerical ones.  See Roman
Catholic Diocese of Dallas v. County of Dallas Tax Collector, 228 S.W.3d
475, 479 (Tex. App.CDallas, 2007, no pet.) (substantive change
in a judgment results from the correction of a judicial error, not a clerical
one.).  The judgment signed August 17, 2007 is void because the trial court
lacked jurisdiction to make substantive changes.  See Tex. R. Civ. P. 329b.








The
March 23, 2006 Judgment

In his second issue, appellant contends that this court
should correct the trial court=s clerical error in the March 23, 2006
judgment.  He contends that the date on which sanctions were to begin if the tires
were not removed should have been December 4, 2005, not December 4, 2006.  An
appellate court may properly render judgment that the trial court should have
rendered.  In re K.B., 106
S.W.3d 913, 916 (Tex. App.CDallas 2003, no pet.); Tex. R. App. P. 43.2(c).  However, the
record does not reflect that the trial court rendered judgment that sanctions
would accrue beginning December 4, 2005.  The record of the October 19, 2005
hearing reflects that the trial court did not intend to include a sanctions
provision at all.  The trial court specifically stated that appellant could
pursue his remedy through an enforcement action, and denied appellant=s request for
sanctions.  

On March 20, 2006, appellant filed a motion for entry of
judgment and sanctions in which he requested $800 in attorney=s fees and $50 per
day for everyday the tires were not removed beginning December 4, 2005.  In an
affidavit filed in support of his motion for judgment nunc pro tunc, appellant
avers that the trial court decided to impose sanctions at a hearing on his
motion.  No record of that hearing has been filed with this court.  In his
opposition to the motion for judgment nunc pro tunc, appellee challenged
appellant=s affidavit and alleged that he had detrimentally
relied on the court=s March 23, 2006 judgment.  The only
hearing record before this court is the hearing that occurred on October 19,
2005.  

On this record, there is no evidence that the trial court
rendered judgment that sanctions accrued on December 4, 2005.  A judgment nunc
pro tunc can only correct error in the rendition of judgment.  Because there is
no evidence that the trial court erred in rendering the judgment, judgment nunc
pro tunc is not proper.  Appellant=s second issue is
overruled.

 








Conclusion

Based on the foregoing, we conclude that the trial court
was without jurisdiction to issue the August 17, 2007 judgment.  Therefore, the
August 17, 2007 judgment is declared void. The March 23, 2006 judgment is the
operative the final judgment.

 

 

 

 

/s/        William
J. Boyce

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed August 28,
2008.

Panel consists of Chief Justice Hedges and Justices Brown and
Boyce.