Opinion issued March 26, 2009 












     




In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00901-CV




GEORGE HERNANDEZ, Appellant

V.

MARIA GUADALUPE LOPEZ (HERNANDEZ) AND 
THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellees




On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 1991-42738




OPINION ON REHEARING



          Appellant, George Hernandez, appeals from a judgment nunc pro tunc granted
in favor of appellee, the Office of the Attorney General of Texas (“the OAG”), in
which the trial court modified the arrearage in a child support enforcement order.
          In what we construe as one issue, George contends that the trial court erred by
granting the OAG’s motion for judgment nunc pro tunc because the evidence is
insufficient to support the trial court’s implied finding that the agreed order contained
a clerical error.
          On August 28, 2008, we vacated the trial’s court’s judgment nunc pro tunc,
leaving intact the trial court’s original judgment of January 27, 2004. The OAG
moved for rehearing. We deny the motion, but withdraw the opinion dated August
28, 2008, and issue this opinion in its stead. Our disposition and judgment remain
unchanged.
          We vacate the judgment nunc pro tunc.
Facts and Procedural History
          On May 16, 1986, a child, C.L.H., was born to George and appellee, Maria
Guadalupe Lopez (formerly, Hernandez). In 1992, George was ordered to begin
paying $260 in monthly child support for C.L.H. Thereafter, George failed to make
certain child support payments. 
 
          On January 21, 2004, a child-support enforcement hearing was held before a
master. There is not a record of that hearing before us in this appeal. However, the
record shows that George, Maria, and the OAG signed an “Agreed Order Enforcing
Child Support Obligation” (“Agreed Order”). 
          The Agreed Order contains a judgment on arrears, which states, “The Court
FINDS and CONFIRMS that [George] is in arrears in the amount of $51,000.00 as
of December 31, 2004.” (Bold emphasis added.) On January 27, 2004, the trial court
signed an order adopting the master’s report and the Agreed Order. There is not a
record of any hearing at the time the trial court signed the order before us in this
appeal.
          Over two years later, on April 11, 2006, the OAG filed a motion for judgment
nunc pro tunc, alleging that the Agreed Order contained a clerical error in the date
that the arrearage was confirmed. Specifically, the OAG alleged that the date of
December 31, 2004 stated in the Agreed Order should have been December 31, 2003. 
In addition, the OAG filed a “Motion to Confirm Child Support Arrearage,” alleging
that George had failed to pay the sum in arrears. The OAG appended to its motion
an accounting statement from the OAG stating that appellant owed $51,000 as of
December 31, 2003.
 
          On August 22, 2006, a hearing was held on the motion for judgment nunc pro
tunc.  The OAG presented the testimony of Maria as its evidence that the date of
December 31, 2004 had been incorrectly entered. Maria testified, as follows, in
relevant part:
          Q.      Did you approach the judge with the Attorney General and your ex?
          A.      I believe so, yes, sir.
          Q.      Okay. And did you-all recite your agreement into the record?
          A.      Yes, sir.
          Q.      And was it agreed upon and stipulated on the record that the arrears as
of December 31st, 2003 were $51,000?
          A.      Yes, sir.
          Q.      Was there any testimony on the record—Was there any testimony that
the agreement was 2004?
          A.      No, sir.



On cross-examination, Maria testified that she could not recall the name of the judge
or of any of the attorneys involved.  

          George, who appeared through his counsel, objected to the entry of judgment
nunc pro tunc, contending that the requested change of date constituted a substantive
change outside the trial court’s plenary period. Specifically, George contended that
the change of date would result in an extra year of interest and would vitiate the
parties agreement that the arrearage be confirmed at $51,000 as of December 31,
2004. 

          At the close of the hearing, the trial court granted the OAG’s motion for
judgment nunc pro tunc, ordering that the date of the confirmation of arrearage be
changed from December 31, 2004 to December 31, 2003. The trial court explained
the basis for its determination as follows: 

The court can observe that I have yet to see a Motion for Nunc Pro Tunc
that didn’t make a substantive change to the Order. So, I’ve never found
the supposed distinction between clerical and substantive errors to be
any help to the Trial Court in determining these issues. They always
make some change that affects the substance of the Order. Presumably,
nobody would be down here requesting nunc pro tuncs if they didn’t;
but I think it is permissible for the court to assume that the underlying
court would not enter a judgment it had no authority to enter. And given
the testimony, the Court is comfortable granting the motion.

 
This appeal ensued.

Jurisdiction

          As a threshold issue, the OAG contends that we do not have jurisdiction to
consider this appeal because George’s notice of appeal was untimely filed. 
Specifically, the OAG contends that, because the judgment nunc pro tunc was signed
on August 22, 2006, George’s notice of appeal was due by September 21, 2006. 
George filed his notice of appeal on September 22, 2006, however, and did not file
a motion for extension of time.

          With exceptions not applicable herein, a notice of appeal must be filed within
30 days after the date the judgment is signed. See Tex. R. App. P. 26.1. An appellate
court may extend the time to file the notice of appeal, if, within 15 days after the
deadline for filing the notice of appeal, the party files in the trial court the notice of
appeal and files in the appellate court a motion complying with rule 10.5(b). Id. 26.3. 
Rule 10.5(b) requires that a motion for extension of time to file a notice of appeal
include, inter alia, “the facts relied on to reasonably explain the need for an
extension.” Id. 10.5(b)(2).

          An extension of time is implied when an appellant, acting in good faith, files
a notice of appeal beyond the time permitted by Rule 26.1, but before the expiration
of the 15-day period in Rule 26.3. See Hone v. Hanafin, 104 S.W.3d 884, 885–86
(Tex. 2003) (applying Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997));
Coronado v. Farming Tech., Inc., 994 S.W.2d 901, 901 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). However, rule 10.5 still requires that an appellant offer a
reasonable explanation for her failure to timely file a notice of appeal. Tex. R. App.
P. 10.5(b)(2); see Hone, 104 S.W.3d at 886; Verburgt, 959 S.W.2d at 617. 

          Here, the record shows that the judgment nunc pro tunc was signed on August
22, 2006 and therefore George’s notice of appeal was due by September 21, 2006.
George’s notice of appeal, filed on September 22, 2006, was beyond the time
permitted by Rule 26.1, but was before the expiration of the 15-day period in Rule
26.3. Because George has also filed a factual explanation indicating that he, in good
faith, believed that he filed on time and had inadvertently miscalculated the dates, we
imply an extension of time, and we conclude that George’s notice of appeal was
timely filed. See Hone, 104 S.W.3d at 885–86; Weik v. Second Baptist Church of
Houston, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)
(stating that “reasonable explanation” means any plausible statement of circumstances
indicating that failure to timely file was not deliberate but was the result of
inadvertence). Hence, our jurisdiction over this appeal is established, and we turn to
the merits of the appeal.

Judgment Nunc Pro Tunc 

          George contends that the trial court erred by granting the OAG’s motion for
judgment nunc pro tunc because the evidence is insufficient to support the trial
court’s implied finding that the agreed order contained a clerical error. Specifically,
appellant contends that changing the date confirming appellant’s arrearage created
an increase in his obligation to pay and therefore constituted a substantive change. 
Appellant contends that the trial court was without plenary power to make a
substantive change to the judgment.

A.      Standard of Review and Applicable Law 

          Pursuant to Rule 329b(d) of the Texas Rules of Civil Procedure, the trial court
has plenary power for 30 days after a judgment is signed to grant a new trial or to
vacate, modify, correct, or reform the judgment. Tex. R. Civ. P. 329b(d). Once the
trial court’s plenary power expires, it cannot set its judgment aside except by a bill
of review for sufficient cause. Tex. R. Civ. P. 329b(f). However, the trial court may
at any time correct a clerical error in the judgment by entering a judgment nunc pro
tunc. Tex. R. Civ. P. 316; 329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.
1986); Barton v. Gillespie, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.]
2005, no pet.). 

          A clerical error is a discrepancy between the entry of a judgment in the record
and the judgment that was actually rendered, and does not arise from judicial
reasoning or determination. Barton, 178 S.W.3d at 126 (citing Andrews v. Koch, 702
S.W.2d 584, 585 (Tex.1986)). A judicial error, on the other hand, occurs in the
rendering, as opposed to the entering, of a judgment. Escobar, 711 S.W.2d at 231.
It arises from a mistake of law or fact that requires judicial reasoning to correct. 
Butler. v. Cont’l Airlines, Inc., 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.]
2000, pet. denied). 

          When deciding whether an error is clerical or judicial, the court must look to
the judgment actually rendered and not to the judgment that should or might have
been rendered. Escobar, 711 S.W.2d at 231. The trial court can only correct the
entry of a final written judgment that incorrectly states the judgment actually
rendered. Id. at 231–32. Even if the trial court incorrectly rendered judgment, it
cannot alter a written judgment that precisely reflects the incorrect rendition. Id. at
232. A judgment rendered to correct a judicial error after plenary power has expired
is void. Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973); Barton, 178 S.W.3d at
126. 

          Whether an error is judicial or clerical is a question of law. Escobar, 711
S.W.2d at 232. However, whether the court pronounced judgment orally and the
terms of the pronouncement are questions of fact. Id. “The judicial or clerical
question becomes a question of law only after the trial court factually determines
whether it previously rendered judgment and the judgment’s contents.” Id.

          This court has held that, in order for a judgment nunc pro tunc to be properly
granted, the evidence must be clear and convincing that a clerical error was made. 
Riner v. Briargrove Park Prop. Owners, Inc., 976 S.W.2d 680, 683 (Tex.
App.—Houston [1st Dist.] 1997, no writ); but see Wittau v. Storie, 145 S.W.3d 732,
736 n.3 (Tex. App.—Fort Worth 2004, no pet.) (applying traditional legal and factual
sufficiency standards). Evidence may be from oral testimony of witnesses, written
documents, previous judgments, docket entries, or the trial judge’s personal
recollection. Riner, 976 S.W.2d at 683.

 
B.      Analysis

          Here, the trial court signed the Agreed Order on January 27, 2004, which
included a judgment on arrears, stating, “The Court FINDS and CONFIRMS that
[George] is in arrears in the amount of $51,000.00 as of December 31, 2004.” The
trial court’s plenary power expired on February 26, 2004, and the trial court was not
permitted to correct a judicial error after that date. See Tex. R. Civ. P. 329b(d);
Dikeman, 490 S.W.2d at 186. 

          Over two years later, on August 22, 2006, the trial court issued the judgment
nunc pro tunc, changing the date of George’s arrearage from December 31, 2004 to
December 31, 2003. We consider whether the trial court permissibly corrected a
clerical error or improperly attempted to correct a judicial error outside of its plenary
power. See Tex. R. Civ. P. 316; Escobar, 711 S.W.2d at 231; Dikeman, 490 S.W.2d
at 186.

          George contends that the change in the year of the confirmation of his arrearage
from 2004 to 2003 created a new payment obligation that was not present in the
Agreed Order. George contends that the change of date was a substantive change,
and thus a judicial error, because it resulted in an extra year of interest and vitiated
the parties agreement that the arrearage be confirmed at $51,000 as of December 31,
2004. 

          The record shows that, on January 21, 2004, a hearing was conducted before
a family court master on the OAG’s motion for child support enforcement. 
Subsequently, George, Maria, and the OAG signed the proposed Agreed Order. The
terms of the Agreed Order were set forth by the parties, and the Agreed Order states
that the master submitted “the proposed” Agreed Order to the trial court and
recommended its approval. On January 27, 2004, when the trial court signed the
Agreed Order adopting the master’s recommendation as the order of the court,
rendition of the judgment occurred.


 See In re Fuselier, 56 S.W.3d 265, 268 (Tex.
App.—Houston [1st Dist.] 2001, orig. proceeding); see also Roman Catholic Diocese
of Dallas v. County of Dallas Tax Collector, 228 S.W.3d 475, 479 (Tex.
App.—Dallas 2007, no pet.) (explaining that signing of agreed judgment submitted
to trial court for its approval constitutes rendition of judgment). The error at issue
herein, if any, occurred in the rendering of the judgment.

          An error that is present in the rendition of judgment is always judicial error,
which may not be corrected by a nunc pro tunc judgment. America’s Favorite
Chicken Co. v. Galvan, 897 S.W.2d 874, 878–79 (Tex. App.—San Antonio 1995,
writ denied) (citing Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58–59 (Tex.
1982)); Fuselier, 56 S.W.3d at 267 (stating that error in rendering judgment is judicial
error). 

          In Galvan, the plaintiff initially sued the defendant in Bexar County. 897
S.W.2d at 876. Subsequently, the plaintiff decided to bring the lawsuit in Maverick
County and filed a motion for non-suit in Bexar County, requesting that the trial court
grant a non-suit “with prejudice.” Id. The trial court issued an order granting the
non-suit “with prejudice.” Id. When the plaintiff re-filed her suit in Maverick
County, the defendant moved to dismiss based on the Bexar County trial court’s order
of non-suit “with prejudice.” Id. The plaintiff moved for a judgment nunc pro tunc,
alleging that she had erroneously moved for non-suit “with” prejudice, rather than
“without.” Id. At a hearing on the motion, the plaintiff’s counsel testified that the
request for a non-suit “with prejudice” was a clerical error made by his legal assistant. 
Id. The trial court granted the motion and changed the order of non-suit to reflect that
it was issued “without prejudice.” Id. The trial court concluded that “the signing of
the nonsuit ‘with prejudice’ was a ministerial act, which required no judicial
reasoning, and could thus be corrected by a judgment nunc pro tunc.” Id. at 877.

          On appeal in Galvan, the court vacated the trial court’s order granting
judgment nunc pro tunc and reinstated the trial court’s order granting the plaintiff’s
motion for non-suit with prejudice. Id. at 879. The court reasoned that the trial court
could only amend the final written order if there was some evidence that it had, at
some point before the order was entered, rendered judgment “without prejudice.” Id.
at 878. Without regard to evidence showing that the plaintiff attempted to re-file her
suit and therefore logically must have intended to request a non-suit “without”
prejudice, the appellate court concluded that the trial court never stated in the record
that it had intended to render judgment without prejudice. Id. at 877. The court
concluded that, if the judgment entered is the same as the judgment rendered,
regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc
power to correct or modify the entered judgment after its plenary power expires. Id. 
There was simply no evidence that the trial court intended to do anything other than
grant the motion exactly as the plaintiff had requested. Id. at 878.

          Here, the OAG contends that George’s assertion that the parties agreed in
January 2004 to set the arrearage at $51,000 as of December 31, 2004 is illogical. 
Indeed, by definition, to be in “arrears” is to be “behind in the payment of a debt or
the discharge of an obligation.” Black’s Law Dictionary 104 (7th ed. 1999). An
“arrearage” is an unpaid or overdue debt. Id. However, even if the trial court
incorrectly rendered judgment, it cannot alter a written judgment that precisely
reflects the incorrect rendition. See Escobar, 711 S.W.2d at 232. We must look to
the judgment actually rendered and not the judgment that should have been rendered. 
Id. at 231.

          Nothing in the record before us suggests that the trial judge applied his
personal recollection of the facts surrounding the Agreed Order to determine the
motion for judgment nunc pro tunc. See Riner, 976 S.W.2d at 683. Like Galvan, in
which plaintiff’s counsel testified that language presented in the motion to the trial
court was in error, here, Maria testified that the date of December 31, 2004 stated in
the Agreed Order was in error and that she intended for the date to have been
December 31, 2003. See Galvan, 897 S.W.2d at 876. Here, as there, there is no
evidence in the record that the trial court intended to do anything other than grant the
motion exactly as the parties requested, and there is no evidence in the record before
us with regard to any prior rendition of judgment. See id. Again, as in Galvan,
without such evidence in the record, it is of no consequence which date Maria may
have intended in the Agreed Order that she signed or whether this Court can agree
that the date that Maria now asserts is, as a matter of logic, the date everyone who
signed the Agreed Order prior to presenting it to the trial court must have intended.

          As the court concluded in Galvan, if the judgment entered is the same as the
judgment rendered, regardless of whether the rendition was incorrect, a trial court
has no nunc pro tunc power to correct or modify the entered judgment after its
plenary jurisdiction expires. See Galvan, 897 S.W.2d at 877 (applying Escobar, 711
S.W.2d at 232); see also In re Cherry, 258 S.W.3d 328, 333 (Tex. App.—Austin
2008, no pet.) (explaining that “a nunc pro tunc order can only be used to make
corrections to ensure that the judgment conforms with what was already determined
and not what should have been determined”). 

          Even an incorrect or unintended rendition of judgment does not constitute an
error in the entry or recording of the judgment that can be corrected by a judgment
nunc pro tunc. Escobar, 711 S.W.2d at 232; Alford v. Whaley, 794 S.W.2d 920, 922
(Tex. App.—Houston [1st Dist.] 1990, no writ). “The judgment as entered must
differ from the judgment as rendered; a nunc pro tunc judgment will only serve to
ensure that the judgment as rendered is actually entered of record.” See Galvan, 897
S.W.2d at 878 (applying Escobar, 711 S.W.2d at 231). Here, like Galvan, nothing
in the record shows that there is a discrepancy between the judgment as rendered and
the judgment as entered. See id.; Barton, 178 S.W.3d at 126.

          We conclude that the trial court’s signing of the Agreed Order on January 27,
2004 constituted its rendition of judgment. See Galvan, 897 S.W.2d at 878. Because
the error complained of was present in the trial court’s rendition of judgment on that
day, the error, if any, constituted judicial error. Because an error in the rendition of
judgment is always judicial error, we conclude that the trial court erred by granting
the OAG’s motion for judgment nunc pro tunc. We hold that the judgment nunc pro
tunc is void because it constitutes an attempt to correct a judicial error after the
expiration of the trial court’s plenary power. 

          Accordingly, we sustain George’s issue.

Conclusion

          We vacate the trial court’s judgment nunc pro tunc, leaving intact the trial
court’s original judgment of January 27, 2004.





                                                             Laura Carter Higley

                                                             Justice

 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Justice Keyes, dissenting.