**Opinion issued January 16, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00227-CV

————————————

## IN RE X.A., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, X. A., filed a petition for a writ of mandamus seeking to compel the

trial court to: (1) vacate its March 26, 2019 order denying relator's "Motion to

Dismiss for Lack of Jurisdiction and Objections to Proceedings;" (2) vacate the

October 25, 2017 Nunc Pro Tunc Judgment; and (3) dismiss the State's petition to

modify disposition and request to transfer X.A.'s probation to Adult Community

Supervision.[1] This Court requested and received a response from the real party in interest, the State of Texas. We conditionally grant the petition.

## Background

This mandamus petition arises from a juvenile court proceeding in which the State filed a petition alleging that X.A. had engaged in the delinquent conduct of aggravated assault. X.A. signed a stipulation of evidence confessing to delinquent conduct in return for the State's recommendation of four years' probation. The trial court signed a determinate sentencing[2] judgment on April 25, 2016 in accordance with the plea bargain, assessing four years' probation. The judgment also stated that appellant would be "under the jurisdiction of [the trial court] and shall continue its care, guidance, and control from 4/25/16 or until said Respondent becomes eighteen

---

[1]     The underlying case is *In the Matter of X. A.*, Cause No. 2015-05966J, in the 314th District Court, Harris County, Texas, the Honorable Michelle Moore presiding.

[2]     The Texas Legislature created a system for prosecuting juvenile offenders for certain violent offenses and this is called the determinate sentence system. *See In re J.G.*, 905 S.W.2d 676, 679 (Tex. App.—Texarkana 1995), *writ denied*, 916 S.W.2d 949 (Tex. 1995). To invoke this system, the prosecutor "must obtain grand jury approval of a juvenile court petition charging one of the covered offenses." *J.G.*, 905 S.W.2d at 679 (citing TEX. FAM. CODE § 53.045(a)). If the petition is approved and certified to the juvenile court, the case proceeds to adjudication and disposition. *See* TEX. FAM. CODE § 54.03. If the juvenile is found guilty of a specified violent offense, the trial court may commit him or her to the Texas Juvenile Justice Department and may later transfer the juvenile to the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. FAM. CODE § 54.04(d)(3), 54.11.

2

(18) years of age[3] unless discharged prior to and subject to subsequent and additional proceedings under the provisions made by the statute . . . ."

In October 2017, the State moved for a nunc pro tunc order to change the original determinate sentencing judgment's three statements regarding the trial court's jurisdiction over X.A. until he became 18 years old.[4] The State asked that each of these references to X.A.'s 18th birthday be changed to reference his 19th birthday. Attached to this motion was an affidavit by the district attorney stating that the plea bargain was for probation for 4 years or until X.A. turned 19 years old[5] and thus, the district attorney asserted that the determinate sentence did not accurately

---

[3]     X.A.'s birthdate is April 2, 2000.

[4]     The three statements in the Determinate Sentencing Order that reference X.A.'s 18th birthday are: (1) "Costs and fees may be reinstated upon transfer of the respondent's determinate probation to an appropriate district court on or about the respondent's 18th birthday"; (2) "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the court that [X.A.], Respondent, now comes under the jurisdiction of said Court and shall continue its care, guidance, and control from 4/25/2016 or until said Respondent becomes eighteen (18) years of age unless discharged prior to and subject to subsequent and additional proceedings under the provisions made by the statute in such cases, and that the Respondent, [X.A.], be and is hereby placed in accordance with Title 3 of the Texas Family Code, upon the reasonable and lawful terms and conditions as set out in Exhibit "A" attached hereto and made a part hereof for all purposes"; and (3) IT IS FURTHER ORDERED, that said child is hereby placed in the custody of said parent(s), guardian(s), or custodian(s), as indicated above, who will be responsible for the child's care and placement, under the rules of probation (if indicated above) for the period indicated above, but not beyond the child's 18th birthday, unless a Motion to Transfer Probation is granted pursuant to section 54.051 of the Texas Family Code."

[5]     Because X.A. was 16 years old at the time of the entry of the determinate sentence, four years' probation would not end until X.A. was 20 years old.

3

reflect the plea agreement for the trial court to have supervision over X.A. until he turned 19. The trial court granted the State's motion on October 25, 2017 and signed a nunc pro tunc order changing all judgment references to X.A.'s 18th birthday to his 19th birthday.

On January 30, 2019, the State filed a petition to modify disposition, claiming that X.A. violated certain terms of his probation by failing to enroll or provide proof of enrollment in school and by failing to attend the Dapa Family Recovery Program as ordered by his juvenile probation officer. The State also noted that X.A. failed to complete a substance abuse assessment. The State also requested a transfer of X.A.'s probation to Adult Community Supervision.

X.A. filed a motion to dismiss the State's petition for lack of jurisdiction, claiming that the trial court lacked jurisdiction over X.A. because he was over 18 years old and the nunc pro tunc order was void under this Court's holding in *In re J.A.*, No. 01-17-00645-CV, 2017 WL 6327356 (Tex. App.—Houston [1st Dist.] Dec. 12, 2017, orig. proceeding). After a hearing on the motion to dismiss, the trial court denied X.A.'s motion to dismiss.[6] On April 1, 2019, the trial court signed an

---

[6] The nunc pro tunc order that X.A. contends is void was signed by the former judge of the 314th District Court, the Honorable John Phillips. His successor signed the order denying the motion to dismiss for lack of jurisdiction. Although Rule 7.2 requires an appellate court to abate to permit a successor to reconsider his or her predecessor's ruling that is the subject of an original proceeding, the successor had the opportunity to reconsider whether the previously-signed nunc pro tunc order was void when she determined whether to grant or deny the motion to dismiss for lack

4

order transferring X.A.'s determinate probation to adult district court, noting that his probation ends on April 24, 2020.

## Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

## Discussion

### A. Jurisdiction to Enter a Nunc Pro Tunc Order

"A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment," during which time the trial court has plenary power to change its judgment. *See Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). A trial court may correct a judgment by nunc pro tunc even after plenary power has expired but only to correct a clerical error in the

of jurisdiction. Accordingly, we need not abate this proceeding as provided under Rule 7.2(b). *See* TEX. R. APP. P. 7.2.

5

judgment. *In re A.M.R.*, 528 S.W.3d 119, 122 (Tex. App.—El Paso 2017, no pet.) (citing TEX. R. CIV. P. 316, 329b(f)).

"A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered." *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The party claiming a clerical error in the judgment must show by clear and convincing evidence that "the trial judge intended the requested result at the time the original judgment was entered." *In re Heritage Oper., L.P.*, 468 S.W.3d 240, 247 (Tex. App.—El Paso 2015, orig. proceeding). This steep burden of proof limits when a trial court may correct clerical mistakes and prevents the use of a judgment nunc pro tunc as "a vehicle to circumvent the general rules regarding the trial court's plenary power if the court changes its mind about its judgment." *Id.*

A judicial error is one occurring in the rendering, not the entering, of judgment and it "arises from a mistake of law or fact that requires judicial reasoning to correct." *Hernandez v. Lopez*, 288 S.W.3d 180, 184–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on reh'g). An error in the rendition of the judgment is always judicial and may not be corrected by a nunc pro tunc order. *See id.* at 186. "[I]f *the judgment entered is the same as the judgment rendered*, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." *Id.* at

6

187 (emphasis in original) (citing *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 877 (Tex. App.—San Antonio 1995, writ denied)).

**B. The Trial Court Lacked Power to Enter the Nunc Pro Tunc**

The trial court's original determinate sentencing judgment was signed on April 25, 2016, and thus, the October 25, 2017 nunc pro tunc order was signed beyond the juvenile court's plenary power, which ended thirty days after the determinate sentencing judgment was signed. *See* TEX. R. CIV. P. 329b(d) (holding that, if no motion for new trial is filed, trial court has plenary power to correct judgment thirty days after judgment is signed). Because the order was signed beyond the trial court's plenary power, the nunc pro tunc order was void unless it corrected clerical errors. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *J.A.*, 2017 WL 6327356, at *4.

Whether an error is judicial or clerical is a question of law and the "trial court must make a factual determination regarding whether it previously rendered judgment and the judgment's contents before it may decide the nature of the error." *In re A.M.C.*, 491 S.W.3d 62, 67 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In this case, the trial court made no factual findings and did not state that it was correcting a clerical error based on personal recollection concerning rendition. The question whether the error corrected in the nunc pro tunc order was judicial or clerical "becomes a question of law only after the trial court factually determines

7

whether it previously rendered judgment and the judgment's contents." *Escobar*, 711 S.W.3d at 232; *Hernandez*, 288 S.W.3d at 185. Because the trial court did not make a finding concerning the prior rendition and its contents, there is no need to determine if the correction was clerical or judicial.

Additionally, the record does not reveal a rendition different from the original determinate sentence entered in April 2016. In the hearing record on the stipulation of evidence, the trial court merely stated that it would follow the plea agreement. The record shows that X.A. bargained for and received "a disposition of 4 years CJPO[7] probation on the Determinate Sentencing offense with a possible transfer to Harris County Community Supervision . . . ." The stipulation of evidence did not specify the date that supervision of probation would end. Furthermore, the hearing on the stipulation of evidence did not include any mention of the date that supervision of probation would end.

"[A] nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined . . . ." *In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, orig. proceeding). Unlike the trial court in *J.A.*, the trial court in this case did not state a personal recollection that supervision of X.A.'s probation would continue

---

[7]    This is an apparent reference to the Chief Juvenile Probation Officer.

until X.A. turned 19 years old. *See J.A.*, 2017 WL 6327356 at *2. Because the record contains no proof and no finding of fact regarding a prior rendition or its contents, this is a case in which the signing of the original determinate sentence constituted the trial court's rendition of judgment. *See Galvan*, 897 S.W.2d at 878 (holding that, because the record contained no evidence or finding of fact regarding prior rendition of judgment, the original written judgment constituted rendition of judgment). Thus, the judgment entered in April 2016 was the judgment rendered and the trial court's entry of the judgment nunc pro tunc after plenary power expired was improper and void. *See id.* (holding that nunc pro tunc after plenary jurisdiction expired was improper because there was no difference between judgment as rendered and judgment as entered); *Hernandez*, 288 S.W.3d at 187–88 (holding that, because error was in rendition of judgment, nunc pro tunc was void).

The State argues that X.A.'s challenge to the nunc pro tunc order is an improper collateral attack. Because policy favors the finality of judgments, collateral attacks on final judgments are usually disallowed. *See Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). But a void judgment may be collaterally attacked. *See id.* at 346.

The State next contends that the trial court made an implicit finding that the parties' plea agreement included a condition that X.A.'s probation would continue until his 19th birthday and the pronouncement of sentence included that condition.

9

Although the State presented an affidavit in which a district attorney stated that the plea agreement included supervision of X.A.'s probation until he turned 19 years old, neither the plea papers nor any statements made during the stipulation of evidence hearing concerned supervision of probation until X.A.'s 19th birthday.

The State also argues that, even if we find the nunc pro tunc order is void, X.A. is estopped from challenging it because he agreed to the nunc pro tunc and is now taking an inconsistent position. But X.A. did not take an inconsistent position. He did not move the trial court for entry of a nunc pro tunc order—the State moved for the nunc pro tunc order. *See Lott v. Lott*, 605 S.W.2d 665, 667 (Tex. App.—Dallas 1980, writ dism'd) (holding that appellant was estopped from challenging nunc pro tunc because his position in trial court seeking nunc pro tunc order in his motion for new trial was inconsistent with his position in appellate court).

Finally, the State attempts to distinguish this Court's holding in *J.A.*. In *J.A.*, this Court held that a nunc pro tunc order was void as a correction of a judicial error when the correction extended the duration of a trial court's supervision of a juvenile's probation. *See J.A.*, 2017 WL 6327356, at *4–5. The State claims that *J.A.* is distinguishable because, unlike the juvenile in *J.A.*, the parties here agreed that X.A.'s probation would continue until his 19th birthday and the trial court followed that agreement. Even if the parties agreed to the extension of the trial court's supervision of probation, mandamus is appropriate to vacate a void order. *See, e.g.*,

*Dorchester Master Ltd. P'ship v. Anthony*, 734 S.W.2d 151, 152 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). Parties who agree to a void order have agreed to nothing. *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding).

## C.     Relator Need not Establish that his Appellate Remedy is Inadequate

Mandamus relief is proper when the trial court issues a void order, and the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Even if there is an adequate remedy by appeal, a party can seek mandamus relief from a void judgment. *See Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) ("In view of our policy for at least a decade of accepting and exercising our mandamus jurisdiction in cases involving void or invalid judgments of district courts, Relator had every reason to expect relief from the void judgment in this case without first attempting an appeal."). Because the trial court abused its discretion in signing the void nunc pro tunc order and the order denying X.A.'s motion to dismiss for lack of jurisdiction, X.A. need not show he lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Dickason*, 957 S.W.2d 570, 571 (Tex. 1998).

## Conclusion

Because the trial court improperly entered a nunc pro tunc order changing the duration of the trial court's supervision over X.A.'s probation, the October 25, 2017

11

nunc pro tunc order is void. The trial court's supervisory power over X.A. ended on X.A.'s 18th birthday on April 2, 2018 by virtue of the original April 25, 2016 determinate sentencing order.

We conditionally grant the writ of mandamus and order the trial court to set aside the void nunc pro tunc order signed on October 25, 2017. Any orders issued by the trial court after X.A.'s 18th birthday on April 2, 2018 were beyond the trial court's jurisdiction, are void, and must be vacated, including the April 24, 2019 order transferring X.A.'s determinate probation to adult community supervision. We are confident the trial court will promptly comply, and our writ will issue only if it does not.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.